## Case No. 2,882.

### CLEMENT et al. v. PHOENIX INS. CO.

[7 Blatchf. 51.] [1]

Circuit Court, S. D. New York. Nov. 19, 1869.

TRIAL WITHOUT JURY—FINDINGS—PRACTICE.

1. Where an action at law is tried by this court, without a jury, under the provisions of the 4th section of the act of March 3d, 1865 (13 Stat. 501), it is discretionary with the court to make either a general or a special finding upon the facts.

[Cited in Folsom v. Mercantile Mut. Ins. Co., Case No. 4,903.]

2. The proper mode of procedure, on such a trial, in respect to propounding propositions of law, and to passing thereon, and to excepting to rulings thereon, with a view to a writ of error or an appeal, stated.

3. It is not necessary there should be a special finding on the facts, in order to secure to the defeated party the right to move for a new trial, or to have a review by the supreme court, or the full benefit of any exception taken by him at the time to any ruling of the court, on any question of law, in the progress of the trial.

[Cited in Folsom v. Mercantile Mut. Ins. Co., Case No. 4,903.]

4. A trial by the court, without a jury, is not concluded until the formal finding of the court upon the facts is made

5. The danger of prejudice to the successful party, by a special finding of facts, on a trial by the court, in case of a review by the supreme court, stated.

This was an action at law [by Francis M. Clement and Elam W. Ditterline] (see [Clement v. Phoenix Ins. Co., Case No. 2,881]) on a policy of insurance made by the defendants [the Phoenix Insurance Company of Brooklyn, New York], insuring $15,600 on 52 hogsheads of tobacco, on transportation by steamer and railroad from Dycusburgh, Kentucky, to the city of New York.

Edwin W. Stoughton, for plaintiffs.

James C. Carter, for defendants.

BLATCHFORD, District Judge. This action was tried before the court, without a jury, under the provisions of the 4th section of the act of March 3, 1865 (13 Stat. 501), a jury having been waived by a stipulation in writing signed by the attorneys of record, and filed with the clerk of the court. That section provides as follows: "Issues of facts in civil cases in any circuit court of the United States, may be tried and determined by the court without the intervention of a jury, whenever the parties,

¹ [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

or their attorneys of record, file a stipulation in writing with the clerk of the court, waiving a jury. The finding of the court upon the facts, which finding may be either general or special, shall have the same effect as the verdict of a jury. The rulings of the court in the cause, in the progress of the trial, when excepted to at the time, may be reviewed by the supreme court of the United States, upon a writ of error or upon appeal, provided the rulings be duly presented by a bill of exceptions. When the finding is special, the review may also extend to the determination of the sufficiency of the facts found to support the judgment." The proceedings in open court at the trial having been concluded, the case was submitted for determination to the court, which subsequently announced that it found for the plaintiffs for the sum of $16,543.57, as of the 9th of June, 1869. [Case No. 2,881.] No formal finding, either general or special, has been signed, or filed, or entered in the minutes of the court. The defendants now submit to the court the draft of a special finding of the court upon the facts, which they ask the court to sign and file as the finding of the court upon the facts. It consists of eleven statements or propositions. The plaintiffs object to the making by the court of any special finding upon the facts.

It is apparent that, under the statute, it is discretionary with the court to make either a general finding or a special finding. Especially is this so, in view of the prior act of February 19, 1864 (13 Stat. 5), which provides, in its 7th section, as follows, in reference to the circuit courts for the districts of California and Oregon: "Issues of fact in civil cases may be tried and determined by the said circuit court, without the intervention of a jury, whenever the parties, or their attorneys of record, file a stipulation in writing with the clerk, waiving a jury. Upon the trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated." This court, therefore, when trying an issue of fact in a civil case, when a jury is waived, is not required to state separately the facts found and the conclusions of law, nor is it required to make a special finding upon the facts. The inquiry then arises, whether it is necessary or proper that the court should make such special finding in this case.

By the statute, the finding, when made, has the same effect as the verdict of a jury. As the trial of an issue of fact before a jury is not concluded until the verdict of the jury is rendered, so the trial of an issue of fact by the court without the intervention of a jury is not concluded until the formal finding of the court upon the facts, which is to have the same effect as the verdict of a jury, is made. When, therefore, the statute speaks of the rulings of the court

in the cause, in the progress of the trial, it includes all rulings on questions of law which the court may make in the progress of the trial, down to the time the finding on the facts is formally made. The trial is to proceed in all respects as if before a jury, except that there is to be no charge to a jury, and, instead of a verdict by a jury, there is to be a finding by the court on the facts, which finding, if general, is to have the same effect as the general verdict of a jury, and, if special, is to have the same effect as the special verdict of a jury. The rulings of the court in admitting or rejecting evidence are to be made and excepted to as on a trial before a jury. When the evidence is concluded, the respective parties are to propound to the court the propositions of law which they respectively conceive to arise therefrom, as on a trial before a jury, except that a proposition of law, instead of running to the effect that, if the jury find thus and so, the law on such a state of fact is thus and so, will run, that if the court find thus and so, the law on such a state of fact is thus and so. The court must pass on such a proposition of law, when it tries an issue of fact, just as it must pass on a proposition of law when made at a like stage of the trial, on a trial before a jury. On a trial before a jury, the court passes on such a proposition when it is made, and before the jury retires to consider of its verdict. On a trial before the court, the court may pass on such a proposition when it is made, or it may take the proposition into consideration and pass upon it afterwards, before making its finding on the facts, and, therefore, during the trial, and, in either event, the party advancing the proposition, as well as the opposite party, will, accordingly as the court does or does not affirm the proposition, have the opportunity of excepting to the ruling of the court thereon at the time such ruling is made; and such ruling being within the 4th section of the act of 1865, a ruling of the court in the cause in the progress of the trial, and being excepted to at the time, may, under that section, when duly presented by a bill of exceptions, be reviewed by the supreme court upon a writ of error or upon appeal. In this way the rights of both parties are preserved. The propositions of law that are affirmed by the court are like the charge of the court to the jury, and its rulings can be excepted to by the party that is dissatisfied with them. When propositions of law are overruled by the court, its action can be excepted to by the party which advances the propositions. There is no absolute necessity, therefore, for a special finding by the court on the facts, any more than there is an absolute necessity, in every case tried before a jury, for the finding by it of a special verdict. If the counsel for each party discharges properly and seasonably the duty of presenting to the court such propositions of law as he con-

ceives to arise on the evidence, no right of either party can be prejudiced. There will be the same right and the same opportunity to move, with effect, for a new trial, on a case, because the finding is against the weight of evidence, that there are, on a trial before a jury, to move for a new trial, on a case, because the verdict is against the weight of evidence. There will be the same right and the same opportunity to move, with effect, for a new trial, because of an error in law committed by the court, that there is on a trial before a jury. It is not necessary, in order to enable those remedies to be pursued, that there should be a special finding by the court upon the facts, any more than it is necessary there should, on a trial before a jury, be a special verdict, in order to enable those remedies to be pursued. By the course above indicated, as the one proper to be pursued on a trial before the court without a jury, the separation of the matters of law from the questions of fact, which is necessary in order to a review upon the matters of law in a higher tribunal, is effected as completely as it can be in the case of a general verdict rendered by a jury. The rulings of the court on the propositions of law advanced by the respective counsel, after the evidence has been put in, on a trial by the court without a jury, are equivalent to the charge of the court to the jury, and stand out separate and distinct from the questions of fact, and can be specifically excepted to. In several of the circuit courts of the United States, it is not the custom for the court to charge the jury, on the trial of an issue of fact, otherwise than by its responses to the propositions of law, advanced in writing by the respective parties after all the evidence is taken.

In the present case, it is said, on the part of the defendants, that they desire to raise the point, that, as matter of law, on the evidence, one McCoy, at Cincinnati, ought to have given notice, by telegraph from there, at a certain time. to the consignees at New York of the tobacco, of its previous loss, and that, as he did not give such notice, the plaintiffs cannot recover. This is based on the view, that McCoy knew of the loss on the 5th of August, 1867, at Cincinnati, and that the insurance was not effected by the consignees at New York, until the 8th of August, 1867. Now, the proper and effectual way to raise this point, is to have it appear, by the record, that the defendants requested the court to rule, as matter of law, that if it should find that McCoy had notice in Cincinnati, as early as the 5th of August, 1867, of the loss of the tobacco, and that McCoy was the agent of the plaintiffs to transport the tobacco to New York, and that the plaintiffs had put it into McCoy's custody. to be retained therein at least until it reached Cincinnati, then McCoy was bound to communicate notice of the loss by telegraph to the consignees at

New York as soon as he had notice of it himself, and that if it should find that McCoy did not communicate such notice by telegraph, the plaintiffs could not recover. This would be the mode adopted to raise the point on a trial before a jury, and there is no reason why it should not be adopted on a trial by the court without a jury. Of course, the substance of the request above suggested may be varied, if it is not full enough, either in its statement as to the finding of fact, or as to the proposition of law. The form suggested for the request is only intended to indicate that there can be no difficulty, on the evidence given in the case, in framing a proper and adequate form of request to secure, to the same extent, the same right of review, to which the defendants would have been entitled if a trial by jury had not been waived by them. Nothing is more usual in a request to charge a jury, than to say that if the jury finds thus and so to be the fact from the evidence, then such and such is the law thereon. The hypothetical finding of fact indicated in the request must necessarily be based on something antecedent in the record, showing that evidence was given tending to establish the fact indicated. If there be such evidence, the request is a proper one to have been made, and the party making it can have the full benefit, on an exception, of a refusal by the court to charge in accordance with the request. These same views hold true in regard to a request to the court, on a trial by it without a jury, to rule thus and so as to the law, on a hypothetical finding of fact indicated in the request. The court will necessarily, by its response to the request, have indicated clearly whether or not it gave to the party making the request the benefit of the principle of law propounded therein.

The cases decided by the supreme court, cited by the defendants' counsel, do not, as I understand them, hold, as is contended, that, whenever a jury is waived, that court cannot and will not review anything unless there is in the record a special finding of facts. In Hyde v. Booraem, 16 Pet. [41 U. S.] 169, there was no bill of exceptions, and the court, on a statement of facts, held that, in point of law, the judgment below could not, on those facts, be maintained. Mr. Justice Story, in that case, says, speaking of a trial before the court without a jury: "If either party in the court below is dissatisfied with the ruling of the judge in a matter of law, that ruling should be brought before this court by an appropriate exception in the nature of a bill of exceptions." In Minor v. Tillotson, 2 How. [43 U. S.] 392, the case was tried before the court without a jury, but there was no bill of exceptions. In Prentice v. Zane's Adm'r, 8 How. [49 U. S.] 470, there was a trial before a jury, and a special verdict. In Graham v. Bayne,

18 How. [59 U. S.] 60, there was no bill of exceptions presenting questions of law. The case of Guild v. Frontin, 18 How. [59 U. S.] 135, only decides that where there is a trial before the court without the intervention of a jury, there must be either a special verdict or an agreed statement of facts, or a bill of exceptions to the decisions of the court on questions of law, in order to enable the supreme court to review the judgment of the court below.

But, even if a refusal by the supreme court to review a case when a jury was waived, unless there was, in the record, a special finding of facts, had been the established practice before the passage of the act of 1865, the 4th section of that act expressly provides that, where a trial by jury is waived, the finding of the court on the facts may be general, and shall, when general, have the same effect as the general verdict of a jury; and that, in the case of such a general finding, every ruling of the court in the cause, in the progress of the trial, when excepted to at the time, may, when duly presented by a bill of exceptions, be reviewed by the supreme court on a writ of error or on appeal. A special finding in this case, is, therefore, unnecessary, to give to the defendants the full benefit of any exception taken by them at the time to any ruling of the court or any question of law in the progress of the trial.

But there is a further provision in the 4th section of the act of 1865, namely, that, "when the finding is special, the review may also extend to the determination of the sufficiency of the facts found to support the judgment." A losing party in a cause can always have the substantial benefit of this provision, without a special finding on the facts, by requesting the court to rule, as matter of law, that unless every one of such and such facts is found by it to exist, or unless a particular fact is found to exist, his adversary cannot have a general finding in his favor. But a winning party may be seriously prejudiced by a special finding, because, on a review by the supreme court thereon, if any one fact, however slight, really necessary to support the judgment, should, merely through inadvertence or accident, have been omitted from the finding, the judgment would have to be reversed. Graham v. Bayne, 18 How. [59 U. S.] 60, 63.

The court, therefore, declines to make a special finding of facts in this case. But, under the circumstances, both parties will now be allowed to propound to the court such written requests as to matters of law, on the evidence taken in the case, as they shall desire, and the court will make written rulings thereon, and exceptions can then be taken thereto. The court will then make a general finding in form. This course can be taken, because the trial is still in progress.