## HALL v. HOUGHTON & UPP MERCANTILE CO.

(Circuit Court of Appeals, Eighth Circuit. February 26, 1894.)

### No. 353.

1. JUDGMENT—DEFAULT—APPLICATION TO SET ASIDE.

Mansf. Dig. Ark. § 5153, which provides that "the application for a new trial must be made within three days after the verdict or decision was rendered unless unavoidably prevented," has no application to a motion to set aside a default.

2. APPEAL—REVIEW—FINDINGS OF FACT.

Rev. St. § 1011, which provides that "there shall be no reversal in a supreme court or in a circuit court upon a writ of error * * * for any error in fact," governs the circuit court of appeals as well; and that court will review errors of law only.

In Error to the United States Court in the Indian Territory.

This was a suit begun by attachment by the Houghton & Upp Mercantile Company against Dyment & Lane, in which a petition of interpleader was filed by Florence J. Hall, as trustee of the Evans-Snider-Buel Company, and in which judgment by default went against the attaching creditor. The default was set aside, and at the trial the mercantile company had judgment, and Hall brings error.

Solomon E. Jackson, for plaintiff in error.

W. B. Johnson, A. C. Cruce, and Lee Cruce, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge. The controversy in this case was over some cattle in the Indian Territory. The Houghton & Upp Mercantile Company, the defendant in error, attached them as the property of their debtors, Dyment & Lane, a partnership composed of Walter Dyment, Thomas F. Lane, and Ridge Wheelock. Florence J. Hall, as trustee for Evans-Snider-Buel Company, the plaintiff in error, claimed them under a prior mortgage as an interpleader. The case was set for trial of the issue between the attaching creditors and the interpleader for March 30, 1892. On March 25, 1892, a judgment by default was rendered against the attaching creditor for want of an answer to the claim of the interpleader. At the same term, and on March 31, 1892, the court below, upon an affidavit of merits, set aside the default, and permitted the attaching creditor to answer.

It is contended that this action of the court was error, because section 5153, Mansfield's Digest of the Laws of Arkansas, which is

in force in the Indian Territory, provides that "the application for a new trial must be made at the term 'the verdict or decision is rendered and (except in a case not material here) shall be within three days after the verdict or decision was rendered unless unavoidably prevented." But this section had no application to the motion to set aside this default. That was not an application for a new trial. There had never been any trial, verdict, or decision. That was an application for an opportunity to have a first trial. It goes without saying that, during the term at which it was rendered, this judgment by default was within the jurisdiction of, and under the control of, the court below, and it was a matter entirely within its discretion whether it would set it aside, and permit the defndant in error to answer or not. It does not appear that there was any abuse of this discretion in the action taken by the court below, and hence there is nothing here for this court to review.

At the trial, a jury was waived, and the parties agreed that the mortgage was valid, and the plaintiff in error entitled to recover the property, if Thomas F. Lane was a resident of the third judicial division of the Indian Territory when the mortgage was made, but that, if he was not, the mortgage was void, and the defendant in error entitled to judgment. Evidence was introduced upon this issue, and the court below found that Lane was not a resident of the Indian Territory, and this finding of fact is the other supposed error complained of. There was considerable evidence in support of this finding, and section 1011 of the Revised Statutes, which governs this court in this matter, provides that "there shall be no reversal in a supreme court or in a circuit court upon a writ of error * * * for any error in fact." We could not, therefore, reverse this judgment if we were of the opinion that the court below had committed an error in this finding. This finding has the effect of a verdict upon this question of fact, and, as there was some evidence in support of it, the finding must stand. As we have repeatedly said, when a case comes to this court upon a writ of error, the circuit court of appeals sits to review the errors of law of the court below, and those only. The method in which such errors may be presented to this court has been repeatedly pointed out. In the case at bar no errors of law are alleged, and no rulings upon questions of law appear to have been made by the court below that the plaintiff in error seeks to review here. Trust Co. v. Wood, 60 Fed. 346. The judgment below is affirmed, with costs.