NATIONAL BANK OF COMMERCE OF KANSAS CITY, MO., v. FIRST
NAT. BANK OF KANSAS CITY, KAN., et al.

(Circuit Court of Appeals, Eighth Circuit.   May 21, 1894.)

No. 315.

**1. APPEAL—OBJECTIONS NOT RAISED BELOW—TRIAL BY COURT.**
Exceptions to findings and rulings in an opinion delivered by the court on
a trial, without a jury, of an action at law, and to a general finding con-
tained in the judgment, avail nothing on appeal, where no request was
made at the trial for any ruling on any proposition of law, or on the suffi-
ciency of the evidence to sustain such a finding or judgment.

**2. SAME—ASSIGNMENTS OF ERROR.**
Assignments of errors "in excluding legal and proper evidence offered
by" plaintiff, and "in admitting illegal and improper evidence offered by"
defendant, are insufficient under rule 11 of the circuit court of appeals for
the eighth circuit (47 Fed. vi.), requiring an assignment of errors to "set
out separately and particularly" each error, and, when error is alleged in
admission or rejection of evidence, to "quote the full substance of the evi-
dence admitted or rejected."

**3. SAME—ERROR NOT PREJUDICIAL.**
Refusing to permit counsel to inspect, for purposes of cross-examination,
a memorandum used by a witness to refresh his memory during his direct
examination, is not ground for reversal, where, on the finding of the court
on the question involved, it is clear that no cross-examination could have
affected the result.

**4. EVIDENCE—COMPETENCY—REBUTTAL.**
In an action by one bank against another as indorsee on notes, plaintiff's
president testified that he conversed with defendant's president, who be-
came such after the indorsement, and that the liability of defendant was
not questioned. *Held*, that testimony by defendant's president that he
did not know of the indebtedness, and that in such conversation plaintiff's
president had concealed it from him, was competent in rebuttal.

In Error to the Circuit Court of the United States for the District
of Kansas.

Elijah Robinson, for plaintiff in error.

Samuel R. Peters (Joseph W. Ady and John C. Nicholson, on the
brief), for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAY-
ER, District Judge.

SANBORN, Circuit Judge.   The National Bank of Commerce of
Kansas City, Mo., the plaintiff in error, brought an action in the
court below against the First National Bank of Kansas City, Kan.,
and W. T. Atkinson, its receiver, the defendants in error, upon four
causes of action.   The court below denied a recovery on the first
and second causes set forth in the petition (55 Fed. 465), and this
writ of error was sued out to reverse this decision.

The first cause of action was based on a promissory note for
$38,959, dated October 22, 1890, made by the English & American
Mortgage Company, Limited, a corporation, indorsed by the First
National Bank of Kansas City, Kan., by D. R. Emmons, its president,
and payable to the order of the plaintiff in error.   The second cause
of action rested upon a promissory note for $7,500, dated October 20

1890, made by the same mortgage company, indorsed in the same way, and payable to the order of the plaintiff in error. The defense to these notes was that neither the president nor any other officer of the defendant bank ever had any authority to make these or like indorsements; that that bank never received any consideration or benefit from them; that they were mere accommodation indorsements; that they were not made in the ordinary course of the business of the bank, and were never ratified by it; and that the plaintiff bank had full knowledge of all these facts from the inception of the transactions out of which these notes arose. A jury was waived, and the case was tried by the court, which found all the issues relating to these two causes of action for the defendants.

No request was made for any ruling upon any proposition of law during the trial, nor was the court requested to hold that the evidence was insufficient to sustain a finding or judgment for the defendant upon either of the causes of action in question. The court below delivered an exhaustive opinion, in which the facts and the law of the case were discussed; and to every finding and ruling contained in this opinion the plaintiff excepted, and it also excepted to the general finding for the defendants contained in the judgment. But these exceptions avail nothing. Where the finding is general, there are only two methods by which questions of law can be so presented to the trial court that this court can review them, viz. by seasonable objections and exceptions to the rulings of the court upon the admission or rejection of evidence, and by requesting the court, before the trial is ended, to make declarations of law, and by excepting to its refusal to do so, and to its declarations of law, if any, that do not accord with the views of counsel, in exactly the same way that instructions to a jury would be requested, and the rulings of the court giving and refusing instructions would be excepted to if the trial was before a jury. The finding of the court, whether general or special, performs the office of the verdict of the jury. When it is made and filed, the trial is ended, and exceptions to it are as futile as exceptions to a verdict. When the trial court makes a special finding of the facts, the only additional question we are permitted to consider is the sufficiency of the facts found to sustain the judgment rendered. The sufficiency of the evidence to sustain the findings is never presented unless a request is made, before the trial is ended, that the court will hold the evidence insufficient. These rules have been repeatedly announced by this court. Trust Co. v. Wood, 8 C. C. A. 658, 60 Fed. 346; Walker v. Miller, 8 C. C. A. 331, 59 Fed. 869; Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 752; Clement v. Insurance Co., 7 Blatchf. 51, 53, 54, 58, Fed. Cas. No. 2,882; Norris v. Jackson, 9 Wall. 125, 127; Insurance Co. v. Folsom, 18 Wall. 237, 249; Cooper v. Omohundro, 19 Wall. 65, 69; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481.

If the facts recited in the opinion of the court could be treated as a special finding in this case (and we are clearly of the opinion that they cannot), they are ample to support the judgment. In the opinion and in the judgment the court finds all the issues arising

on the two causes of action in controversy for the defendants. The law is unquestioned that an accommodation indorsement of a national bank, from which it derives no benefit, made by an officer without authority, and out of the ordinary course of the business of the bank, is void in the hands of the original payee of the paper, when he takes it with full knowledge of the character of the indorsement. 2 Morse, Banks, § 728 et seq.; 1 Rand. Com. Paper, § 334, and authorities cited. It follows that we can consider no rulings of the trial court in this case except those made upon the admission or rejection of evidence.

But, upon an examination of the record relative to these rulings, we discover that, while exceptions were taken to some of them, none of these rulings were assigned as error in accordance with the rules of this court. Our eleventh rule provides that:

"The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed. When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. * * * Such assignment of errors shall form part of the transcript of the record and be printed with it. When this is not done, counsel will not be heard except at the request of the court; and errors not assigned according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned." 47 Fed. vi.

The only pretense of the assignment of any errors in the rulings of the court upon the admission or rejection of evidence is in these words:

"First, the said circuit court erred in excluding legal and proper evidence offered by said plaintiff; second, the said circuit court erred in admitting illegal and improper evidence offered by defendant."

This is a patent and total disregard of the rule. No error is set out "separately and particularly." The substance of the evidence, the admission or rejection of which is alleged to be error, is not quoted in full or at all. Nor is it possible to determine from this assignment, or rather from this failure to make an assignment, of errors, what the rulings were that are claimed to be erroneous. One of the purposes of this rule is to require the defeated party to clearly disclose to the trial court the rulings he alleges to be erroneous before the writ of error or appeal is allowed, to the end that writs of error and appeals may not be permitted for mere delay in cases in which there is no doubtful question to be decided. It is true that in this case no objection to the consideration of the rulings excepted to during the trial was made by the counsel for the defendants in error on the ground that they were not properly assigned as errors; but the rule to which we have referred is wise and salutary, and the court cannot allow it to be disregarded because the counsel consent to ignore it.

The result is that no errors have been assigned in this case in accordance with the rules and practice of this court, and a compliance with these rules requires us to disregard them all, unless

the record discloses a plain error which we deem it proper to notice. The object of the trial of lawsuits, however, is to reach just decisions. The rules of the court are but aids to reach these results, and they should be enforced and applied in such a way as to attain them. That no injustice might be done in this case, we have carefully considered all the alleged errors referred to by counsel for plaintiff in error in his brief and in his argument, and we are all of the opinion that there was no error in the trial of this case prejudicial to his client, and that the judgment was well supported by the evidence, and in strict accordance with the law.

One of the rulings most bitterly complained of was the refusal of the court below to permit the counsel for the plaintiff in error to inspect, for the purposes of cross-examination, a memorandum which one of the witnesses for the defendant had used to refresh his memory during his direct examination. This was undoubtedly an erroneous ruling. Chute v. State, 19 Minn. 271 (Gil. 230); Peck v. Valentine, 94 N. Y. 569; State v. Bacon, 41 Vt. 526; Adae v. Zangs, 41 Iowa, 536; Starkie, Ev. (10th Ed.) p. 184; 2 Rice, Ev. p. 757. But it appears from this record, beyond doubt, that this error did not prejudice, and could not have prejudiced, the plaintiff in error. On August 3, 1889, the English & American Mortgage Company, Limited, a corporation with its home office in London, England, and with its branch office at Kansas City, Kan., applied to the plaintiff in error to cash a draft on its London office for £5,000 sterling, payable to the order of Eli H. Chandler, its manager at Kansas City. The plaintiff refused to cash it unless it was first indorsed by the defendant bank. D. R. Emmons, the chairman of the board of directors of the mortgage company, was the president of the defendant bank. The draft was taken to the latter bank, and there indorsed by it, by the hand of its cashier, and was then taken back to the plaintiff, where it was discounted, and its proceeds were placed on the books of the plaintiff to the credit of the defendant bank for the account of the mortgage company. The defendant bank was notified of this credit, and thereupon charged the plaintiff with the amount of these proceeds, and credited the mortgage company with the same amount. The mortgage company drew these proceeds from the defendant bank within a few days thereafter, and the latter bank received no compensation, by discount or commission, for its part in this transaction. On October 13, 1889, a like draft for £3,000 sterling was presented, indorsed, and discounted in the same way, and on August 26, 1889, a like draft for £2,000 sterling was presented, indorsed, and discounted in the same manner. These drafts were never fully paid. After they fell due, promissory notes, made by the mortgage company and indorsed by the defendant bank, were given to the plaintiff for a part or the whole of the amount due upon them, and one or more promissory notes, signed and indorsed in like manner, were given to the plaintiff bank for amounts due it from the mortgage company and from D. R. Emmons on account of paper upon which the defendant bank was not originally liable as an indorser. The notes thus made were renewed from time to time, and the two notes in suit were the last renewals.

The only question concerning which the witness referred to his memorandum to refresh his memory was whether or not any part, and, if so, what part, of the original consideration of the notes in suit was an indebtedness of the mortgage company or of Emmons to the plaintiff, that did not arise from the three drafts originally indorsed by the defendant bank. The court found upon this question that the entire consideration of one of the notes in controversy arose from the indorsed drafts, and that the entire consideration of the other arose from the indebtedness of the mortgage company and of D. R. Emmons, for which the defendant bank was not originally liable as an indorser, and then held, as a matter of law, that both notes were void. It is clear that no cross-examination on this question could have availed the plaintiff aught, because the notes were void, whether they were founded on the one or the other, or on both, of the alleged considerations, and error without prejudice is no ground for reversal.

In February, 1891, the First National Bank of Kansas City, Kan., which at that time owed the plaintiff bank about $15,000 on account, and was an indorser on the notes in suit, was consolidated with the Exchange Bank, and I. D. Wilson, who was the president of the latter bank, succeeded Mr. Emmons as the president of the First National Bank. Dr. Woods, the president of the plaintiff bank, testified that he had a conversation with Mr. Wilson after he became president of the bank, and that he never, at any time prior to the failure of the First National, heard of any defense to the notes in question. On cross-examination he testified that he did not tell Mr. Wilson before the consolidation that the indebtedness of the First National to his bank was $15,000. Mr. Wilson testified that, at the time he was talking about the consolidation of the banks with Dr. Woods, the latter said that the First National Bank of Kansas City, Kan., owed the plaintiff $15,000. He was then asked if he knew at that time of the indebtedness of the First National to the National Bank of Commerce in the sum of $34,000 or $38,000, and, over the objection of the plaintiff, that it was not his business to know about this indebtedness because he was not an officer or director of the First National, he answered that he did not. This objection was untenable. The plaintiff had sought to strengthen the presumption of the liability of the defendant bank for this large indebtedness by the testimony of Dr. Woods that Mr. Wilson had never questioned it until after the failure of the bank. It was certainly competent and material rebuttal evidence that Mr. Wilson did not know of this large indebtedness, and that Dr. Woods had concealed it from him in this conversation by the statement that the indebtedness of the First National to his bank was $15,000.

The rulings to which we have referred are among those most bitterly complained of by the plaintiff in error. Exceptions were taken to many others, but they present no novel or important question of law, and exhibit no prejudical error. It would serve no good purpose to discuss them. The judgment below must be affirmed, with costs; and it is so ordered.