CONSOLIDATED COAL CO. OF ST. LOUIS v. POLAR WAVE ICE CO.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1901.)

No. 1,435.

1. APPEAL—REVIEW—ACTION AT LAW—TRIAL TO COURT—GENERAL FINDINGS.

Where an action at law is tried to the court, and the finding is general, the only questions open for review, on writ of error, are such as may have been raised ·in the progress of the trial by exceptions taken to the admission or exclusion of evidence.

2. SAME—OPINION OF TRIAL COURT AS SPECIAL FINDING OF FACT.

An opinion of the trial court, being obviously not intended as a special finding of facts, will not be treated as such on appeal, though it may state facts developed at the trial.

3. SAME—PRESERVATION OF EXCEPTIONS—REQUEST FOR INSTRUCTIONS—RAISING QUESTIONS OF LAW.

In a case tried to the court, counsel cannot raise questions of law reviewable on appeal, by tendering requests for instructions and obtaining a ruling thereon.

4. SAME—RULINGS ON EVIDENCE.

If exceptions taken during the progress of a trial to the court relative to rulings on evidence do not present all questions of law desired for review, counsel should seasonably apply to the trial court to have the facts found specially by the court, which may do so in its discretion, and incorporate the finding in a bill of exceptions, and the court can then determine whether the facts found warrant the judgment.

5. SAME—EXAMINATION OF RECORD AS TO SUFFICIENCY OF EVIDENCE.

Under no circumstances will the court of appeals examine the record to ascertain what the testimony established or did not establish, except where, at the conclusion of all the evidence, a request is preferred to direct a verdict for defendant on the ground that there is no substantial evidence to support a verdict against him.

6. SALES—CONSIGNMENT OF COAL—DAMAGES FOR NONDELIVERY—EVIDENCE—WEIGHTS OF CARS.

The record of the shipment by plaintiff to defendant of a large number of car loads of coal, purporting to show the weights of each car, was properly admitted to show, inter alia, the average weight of a car load, and what in the estimation of the parties constituted a car load, as being pertinent to show the amount of defendant's damages incident to the nondelivery of a certain amount of coal, plaintiff's counsel having admitted that the weight of the car loads of coal was correctly stated therein.

7. EVIDENCE—EXTENT OF MARKET FOR COAL—COMPETENCY OF WITNESS.

There was no error in permitting a witness dealing in coal, and familiar with the trade and extent of the demand for coal between specified dates at a place in question, to testify as to the amount of coal which a dealer could have sold there between such dates.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Charles W. Thomas, for plaintiff in error.

J. D. Johnson (Eben Richards, on the brief), for defendant in error.

Before CALDWELL and THAYER, Circuit Judges.

THAYER, Circuit Judge. This action was brought by the Consolidated Coal Company of St. Louis, the plaintiff in error, to recover a balance in the sum of $6,759.63, which was alleged to be due to it from the Polar Wave Ice Company, the defendant in error,

for a certain quantity of coal said to have been sold and delivered to the defendant in error. The defendant below denied that it was indebted to the plaintiff as alleged in its complaint, and pleaded several defenses to the cause of action, which need not be stated in detail. The parties to the cause subsequently filed a stipulation waiving a jury, and consenting to try the issues joined before the court. The case was so tried, resulting in a judgment in favor of the defendant against the plaintiff below in the sum of $5,016.82, the defendant below having by its answer interposed several counterclaims, which the trial court held to be well founded. Although the trial judge rendered a written opinion in the case, which is found in the record, but does not form a part of the bill of exceptions, he did not make a special finding of facts, but contented himself with a general finding. This court has repeatedly held that when an action at law is tried without the intervention of a jury, and the finding is general, no questions are open for review on a writ of error, except such as may have been raised in the progress of the trial by exceptions taken to the admission or exclusion of evidence. It has also held that it will not treat an opinion of the trial court as a special finding of facts, which was obviously not intended as such, although the opinion may state certain of the facts which were developed at the trial. When a case is tried before the court, counsel cannot raise questions of law which will be reviewed on appeal by tendering requests for instructions and obtaining a ruling thereon, as may be done when a case is tried to a jury. If the exceptions taken during the progress of the trial relative to the admission or exclusion of evidence do not present all of the questions of law which counsel desire to have reviewed, they should make a seasonable application to the trial court to have the facts found specially, which the court in its discretion may do, and incorporate the finding in a bill of exceptions. When such a finding is made and duly incorporated in a bill of exceptions, an appellate court is then in a position to determine whether the facts as found warranted the judgment. But under no circumstances will this court examine the record with a view of ascertaining what the testimony established or did not establish, except in that class of cases where at the conclusion of all the evidence a request is preferred to direct a verdict for the defendant upon the ground that there is no substantial evidence to support a judgment against the defendant. These propositions are so well established that a reference to a few only of the adjudged cases is all that is deemed necessary. Searcy Co. v. Thompson, 27 U. S. App. 715, 13 C. C. A. 349, 66 Fed. 92; Adkins v. W. & J. Sloane, 19 U. S. App. 573, 8 C. C. A. 656, 60 Fed. 344; Bowden v. Burnham, 19 U. S. App. 448, 8 C. C. A. 248, 59 Fed. 752; Trust Co. v. Wood, 19 U. S. App. 567, 8 C. C. A. 658, 60 Fed. 346; Insurance Co. v. Folsom, 18 Wall. 237, 253, 21 L. Ed. 827; Stanley v. Board, 121 U. S. 535, 547, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Lehnen v. Dickson, 148 U. S. 71, 73, 13 Sup. Ct. 481, 37 L. Ed. 373.

The application of these rules of law to the case in hand prevents us from considering any of the questions which were discussed on

the argument, except those which relate to the relevancy and competency of certain proof which was admitted by the trial court over an objection thereto that was interposed by the plaintiff's counsel. A record of the shipment by the plaintiff to the defendant of a large number of car loads of coal, which record showed the weights of each car, was offered in evidence by the defendant for the purpose of establishing, among other things, the average weight of a car load of coal, and the amount of the defendant's damages incident to the nondelivery of a certain amount of coal that should have been delivered. The plaintiff objected to this record, but we perceive no merit in the objection, inasmuch as the plaintiff's counsel admitted that the weight of the car loads of coal was correctly stated in the record. This being so, it was properly allowed to be read in evidence for the purpose of showing what amount of coal upon the average a car would carry, and what, in the estimation of the parties, constituted a car load.

Again, the plaintiff objected to a question which was propounded to a witness for the defendant concerning the amount of coal which the defendant company could have sold in St. Louis between certain dates if it had been supplied by the plaintiff with coal according to its agreement. The witness to whom this question was addressed was a coal dealer, and was familiar with the trade, and the extent of the demand for coal between the dates referred to, and for these reasons we are of the opinion that no material error was committed in permitting him to answer the question. These being the only exceptions that were taken and preserved to the admission of evidence, and neither of the same being tenable, the judgment below must be affirmed; and it is so ordered.