## PAUL v. DELAWARE, L. & W. R. CO.

### (Circuit Court, E. D. New York. June 24, 1904.)

1. FEDERAL COURTS—APPEAL—REVERSAL—QUESTION OF FACT—STATUTES—APPLICATION.

Rev. St. § 1011 [U. S. Comp. St. 1901, p. 715], providing that there shall be no reversal in the Supreme Court or any Circuit Court on a writ of error for any error of fact, is applicable to the Circuit Court of Appeals.

2. SAME—TRIAL TO COURT—GENERAL FINDING—DISMISSAL OF COMPLAINT—REVIEW.

Under Rev. St. § 649 [U. S. Comp. St. 1901, p. 525], providing that the finding of the court on the facts, which may be either general or special, shall have the same effect as the verdict of a jury, and section 700 [U. S. Comp. St. 1901, p. 570], declaring that the rulings of the court in the progress of the trial of a cause, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed by the Supreme Court on a writ of error or on appeal, and when the finding is special the review may extend to the sufficiency of the facts found to support the judgment, where a motion to dismiss the complaint was denied at the close of the evidence in an action tried before the court without a jury, the correctness of such ruling was reviewable on exceptions, without a special finding of facts.

3. SAME—GENERAL VERDICT—REVIEW.

Where a general verdict is rendered, only such rulings of the court in the progress of the trial can be reviewed as are presented by bill of exceptions or as may arise on the pleadings.

4. SAME—BILL OF EXCEPTIONS.

Where a case is tried to the court without a jury, a bill of exceptions cannot be used to bring up the entire testimony for review.

5. SAME—QUESTIONS OF LAW.

Where parties to a suit tried to the court without a jury desired a review of the law involved in the case, a special verdict raising the legal propositions must be procured, or propositions of law must be presented and ruled on by the trial judge.

6. SAME—OBJECTIONS TO EVIDENCE—PROPOSITIONS OF LAW—RULINGS.

Objections to the admission or exclusion of evidence, or to the court's rulings on propositions of law, in a case tried to the court without a jury. must appear by bill of exceptions in order to be reviewed.

7. SAME—FINDINGS—CONCLUSIVENESS.

Under Rev. St. § 1011 [U. S. Comp. St. 1901, p. 715], providing that there shall be no reversal for any error of fact, the sufficiency of the evidence

to support the findings of the court in an action tried without a jury cannot be considered by the appellate court, whether such findings are general or special.

**8. SAME—VERDICT—CONCLUSIVENESS.**

A general verdict which may include mixed questions of law and fact is conclusive as to both, except so far as they may be saved by some exceptions which the party has taken to the ruling of the court on questions of law.

**9. SAME—SPECIAL VERDICT.**

Where a special verdict is rendered, the defeated party is entitled to review the question whether the facts thus found required the judgment entered.

**10. SAME.**

Errors alleged in the findings of the court on a trial without a jury are not subject to revision by the Circuit Court of Appeals, that court being limited in that connection to the question whether there is any evidence on which such findings could be made.

Augustus Van Wyck, for plaintiff.

Walter W. Ross and W. S. McGuire (Henry D. Hotchkiss and Mr. Guthrie, of counsel), for defendant.

THOMAS, District Judge. The trial is before the court without a jury, pursuant to the statute (section 649, Rev. St. U. S. [U. S. Comp. St. 1901, p. 525]); the court has concluded that the plaintiff should recover; the defendant asks the court to make special findings of fact, upon the ground that it cannot otherwise review the questions of law raised on the trial (other than those relating to the admission of evidence). The section provides:

"The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

While section 700 [U. S. Comp. St. 1901, p. 570] provides:

"The rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Section 1011 [U. S. Comp. St. 1901, p. 715] provides:

"There shall be no reversal in the Supreme Court or in a Circuit Court upon a writ of error, * * * for any error of fact."

This section is applicable to the Circuit Court of Appeals. Hall v. Houghton, etc., Co., 60 Fed. 350, 8 C. C. A. 661.

The trial court is not required to make special findings (Insurance Co. v. Folsom, 18 Wall. 249, 21 L. Ed. 827), and in the present case it is sufficient that the parties be placed in the same position as if a general verdict had been found by a jury. The defendant could not have had the jury pass specifically upon the 25 proposed findings of fact now tendered by it, to which the plaintiff suggests abundant addition. These, in many instances, are not requests for ultimate facts within the meaning of the term. Wilson v. Merchants' Loan & Trust Co., 183 U. S. 126, 22 Sup. Ct. 55, 46 L. Ed. 113; Mercantile Trust Co. v. Wood, 60 Fed. 348, 8 C. C. A. 685. The defendant could, in

case of a verdict by a jury, have reviewed the rulings as to the admission of evidence. It can do the same at present. In case of a trial by a jury, it could have reviewed the refusal of the court to direct a verdict for the defendant. It should be enabled to review its motion to dismiss the complaint, or for judgment for the defendant, made after the evidence was closed. It urges that it must have the proposed special findings of fact to enable it to raise before the appellate court the ruling of the court upon such motion. It has been held that a judgment upon a nonsuit of an action tried before a jury may be reviewed upon proper exception by the Supreme Court. Central Transportation Co. v. Pullman's Palace Car Co., 139 U. S. 24, 11 Sup. Ct. 478, 35 L. Ed. 55. In analogy, it would seem that a dismissal of the complaint at any stage of a trial before the court should be similarly reviewable. If so, a refusal to dismiss at the close of the evidence should be reviewable on the part of the defendant. The only difficulty is that when the trial is before a jury the practice requires a motion to direct a verdict, while in the case of a trial before the court the motion takes the form of a motion to dismiss, or to order judgment for the defendant. The distinction is technical, and would most unjustly deprive the defendant of an opportunity to review. The motions are equivalents, except so far as a motion to dismiss is similar in its effect to a motion for nonsuit. Section 700 [U. S. Comp. St. 1901, p. 570] provides in terms for a review of the "rulings of the court in the progress of the trial." The refusal to dismiss, or to order judgment for the defendant, is a ruling in the progress of the trial. The trial is not ended. It is in progress. The refusal of the court is a ruling. The motion is the common one, entitled to be made on the trial of every action in the courts of the state of New York or the federal courts held therein. An examination of the authorities will show that the present defendant may raise the questions of law, upon which it rests its denial of liability, either by motion to dismiss, or by submitting declarations of law and asking findings thereon. It may at this time avail itself of both methods. What may or may not be reviewed, and the manner of raising questions sought to be reviewed, fall under general rules. The first four rules given below were in terms stated in the opinion in Norris v. Jackson, 9 Wall. 125, 127, 19 L. Ed. 608. The rules are sustained by other decisions cited under them, and certain general propositions are added with references.

1. If the verdict be a general verdict, only such rulings of the court in the progress of the trial can be reviewed as are presented by bill of exceptions, or as may arise on the pleadings. Norris v. Jackson, supra; Insurance Co. v. Folsom, 18 Wall. 237, 248, 21 L. Ed. 827; Grayson v. Lynch, 163 U. S. 472, 16 Sup. Ct. 1064, 41 L. Ed. 230.

Searcy County v. Thompson, 66 Fed. 100, 101, 13 C. C. A. 357, 358. Judge Thayer's logical statement shows what should fall within the term "rulings of the court." The learned judge says:

"Between that conclusion, that rulings upon the admission and rejection of evidence alone may be reviewed, and the conclusion to which I have arrived, that any ruling of the court made during the progress of the trial, and before the finding is filed, is reviewable in the appellate court if it would have been

subject to review had the trial been before a jury, there seems to me to be no secure middle ground. If we depart from both these rules, it will be difficult, and I think impossible, to draw the line by any rule so that the courts and the gentlemen of the bar may know what requests for declarations of law are, and what are not, reviewable in this court. For this reason, and because the statute provides that the general finding of the court shall have the same effect as the verdict of a jury, and that the rulings of the court in the progress of the trial of a cause may be reviewed upon a writ of error, and because I think both the earlier and later decisions of the Supreme Court point to this result, I have been forced to the conclusion that the true test for determining whether or not a ruling of the trial court may be reviewed when a jury has been waived is whether it would have been subject to review if the trial had been by jury. As the statute declares the general finding shall have the same effect as the verdict of a jury, I think it ought not to be given any greater or other effect. Trust Co. v. Wood, 8 C. C. A. 658, 60 Fed. 346, 348; Clement v. Insurance Co., supra [7 Blatchf. 51, Fed. Cas. No. 2,882]; St. Louis v. W. U. Tel. Co., supra [148 U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380]. Tested by this rule, the application of the plaintiff for a declaration of law 'that, upon the whole case, the finding of the court should be for the plaintiff for the amount of the warrants sued on, without deduction of any kind,' presented the question whether or not, if all the evidence adduced by the defendant was admitted to be true, the plaintiff was entitled to a judgment for the amount he claimed. This application had the same effect that a request to the court to instruct the jury peremptorily to find for the plaintiff for the amount of the warrants would have had if the trial had been before a jury. Nor does it appear to me that there is any greater difficulty in reviewing and deciding this question in a case tried before the court than there would have been if the trial had been by jury. There is in this record a bill of exceptions which declares that it contains all the evidence. It is not necessary to pass upon the weight or sufficiency of the evidence to determine this question of law. It is to be decided, like the question which arises upon a request for a peremptory instruction to the jury, on the concession that the evidence for the defendant must prevail on all disputed material issues. Indeed, this application is, both in form and in substance, substantially the same as that which Mr. Justice Brewer declared, in St. Louis v. W. U. Tel. Co., supra, properly presented a question for the consideration of the Supreme Court."

In Cooper v. Omohundro, 19 Wall. 65, 22 L. Ed. 47, it was said:

" 'Rulings of the court in the progress of the trial' does not include the general finding of the Circuit Court, nor the conclusions * * * embodied in such general finding."

See, also, Martinton v. Fairbanks, 112 U. S. 673, 5 Sup. Ct. 321, 28 L. Ed. 862.

2. In such cases a bill of exceptions cannot be used to bring up the whole testimony for review, any more than on a trial by jury. Norris v. Jackson, supra; Insurance Co. v. Folsom, 18 Wall. 250, 21 L. Ed. 827; Martinton v. Fairbanks, 112 U. S. 672, 5 Sup. Ct. 321, 28 L. Ed. 862.

3. If the parties desire a review of the law involved in the case, they must get the court to find a special verdict, which raises the legal propositions. Norris v. Jackson, supra (see cases cited next below). Or they must present to the court their propositions or declarations of law, and require the court to rule on them. Norris v. Jackson, supra; Martinton v. Fairbanks, 112 U. S. 670, 672, 5 Sup. Ct. 321, 28 L. Ed. 862; St. Louis v. W. U. Tel. Co., 148 U. S. 92, 96, 13 Sup. Ct. 485, 487, 37 L. Ed. 380, where Mr. Justice Brewer said:

"It is enough to say that in this case there was, as appears by the bill of exceptions, an application at the close of the trial for a declaration of law that

the plaintiff was entitled to judgment for the sum claimed, which instruction was refused, and exception taken; and this, as was held in Norris v. Jackson, 9 Wall. 125 [19 L. Ed. 608], presents a question of law for our consideration."

In Clement v. Insurance Co., 7 Blatchf. 51, Fed. Cas. No. 2,882, Judge Blatchford said:

"The trial is to proceed in all respects as if before a jury, except that there is to be no charge to a jury, and, instead of a verdict by a jury, there is to be a finding by the court on the facts, which finding, if general, is to have the same effect as the general verdict of a jury, and, if special, is to have the same effect as the special verdict of a jury. The rulings of the court in admitting or rejecting evidence are to be made and excepted to as on a trial before a jury. When the evidence is concluded, the respective parties are to propound to the court the propositions of law which they respectively conceive to arise therefrom, as on a trial before a jury, except that a proposition of law, instead of running to the effect that, if the jury find thus and so, the law on such a state of facts is thus and so, will run that, if the court find thus and so, the law on such a state of facts is thus and so. The court must pass on such a proposition of law when it tries an issue of fact, just as it must pass on a proposition of law, when made at a like stage of the trial, on a trial before a jury. * * * And such ruling being, within the fourth section of the act of 1865, a ruling of the court in the cause, in the progress of the trial, and being excepted to at the time, may under that section, when duly presented by a bill of exceptions, be reviewed by the Supreme Court upon a writ of error or upon appeal."

In Mercantile Trust Co. v. Wood, 60 Fed. 348, 8 C. C. A. 659, it is said:

"The only question the special finding presents that would not be presented by a general finding is whether or not, in any view, the facts found in it are sufficient to support the judgment. With the single exception of this question, which is presented by the special finding itself, there are only two methods by which questions of law can be so presented to the court that tries the facts that this court can review them by writ of error. These methods are, first, by seasonable objections and exceptions to the rulings of the court upon the admission or rejection of evidence, and, second, by requesting the court, before the trial is ended, to make declarations of law, and excepting to its refusal to do so, and to its declarations of law, if any, that do not accord with the propositions asked, in exactly the same way as instructions to the jury would be requested, and the rulings of the court giving or refusing them would be excepted to, if the trial was before a jury. The finding of the court, whether general or special, performs the office of a verdict of a jury. When it is made and filed, the trial is ended."

To the same effect are Walker v. Miller, 59 Fed. 870, 8 C. C. A. 331; Adkins v. W. & J. Sloane, 60 Fed. 344, 8 C. C. A. 656; Searcy County v. Thompson, 66 Fed. 92, 13 C. C. A. 349; Barnard v. Randle, 110 Fed. 906, 49 C. C. A. 177.

There is some judicial statement that a party cannot raise a question of law by tendering requests for instructions and obtaining a ruling. Consolidated Coal Co. v. Polar Wave Ice Co., 106 Fed. 798, 45 C. C. A. 638. The question was specifically left undecided in Insurance Co. v. Folsom, 18 Wall. 253, 254, 21 L. Ed. 827, although it was said in that case (page 251, 18 Wall., 21 L. Ed. 827) that defendant's exception to refusal to nonsuit, at end of plaintiff's case was reviewable because it was taken to a ruling in the course of the trial. See, also, Lehnen v. Dickson, 148 U. S. 78, 13 Sup. Ct. 481, 37 L. Ed. 373, and the remark in Dirst v. Morris, 14 Wall. 484, 490, 20 L. Ed. 722, which Judge Thayer calls obiter dictum (66 Fed. 98, 13 C. C. A. 349),

and which he states was overruled in St. Louis v. W. U. Tel. Co., 148 U. S. 92, 96, 13 Sup. Ct. 485, 37 L. Ed. 380.

4. Objection to the admission or exclusion of evidence, or to such ruling on the propositions of law as the parties may ask, must appear by bill of exceptions. Norris v. Jackson, supra; Insurance Co. v. Folsom, 18 Wall. 249, 21 L. Ed. 827.

5. Whether the finding be general or special, it shall have the same effect as the verdict of a jury; it is conclusive as to the facts found. The sufficiency of the evidence to support the findings cannot be considered by the appellate court. Section 1011, Rev. St. U. S. [U. S. Comp. St. 1901, p. 715]; Insurance Co. v. Folsom, 18 Wall. 249, 252, 21 L. Ed. 827; Dooley v. Pease, 180 U. S. 126, 21 Sup. Ct. 329, 45 L. Ed. 457; Stanley v. Supervisors, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Walker v. Miller, 59 Fed. 870, 8 C. C. A. 331; Smiley v. Barker, 83 Fed. 688, 28 C. C. A. 9; Hoge v. Magnes, 85 Fed. 355, 29 C. C. A. 564.

6. A general verdict, which may include mixed questions of law and fact, is conclusive as to both, except so far as they may be saved by some exception which the party has taken to the ruling of the court upon a question of law. Insurance Co. v. Folsom, 18 Wall. 248, 21 L. Ed. 827; Martinton v. Fairbanks, 112 U. S. 674, 5 Sup. Ct. 321, 28 L. Ed. 862; Boardman v. Toffey, 117 U. S. 271, 6 Sup. Ct. 734, 29 L. Ed. 898; St. Louis v. Rutz, 138 U. S. 241, 242, 11 Sup. Ct. 337, 34 L. Ed. 941.

7. In the case of a special verdict the question is presented, as it would be if tried by a jury, whether the facts thus found require a judgment for plaintiff or defendant, and, this being matter of law, the ruling of the court on it can be reviewed in this court on that record. Insurance Co. v. Folsom, 18 Wall. 253, 21 L. Ed. 827; Lehnen v. Dickson, 148 U. S. 73, 13 Sup. Ct. 481, 37 L. Ed. 373; Stanley v. Supervisors, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Smiley v. Barker, 83 Fed. 688, 28 C. C. A. 9; Mercantile Trust Co. v. Wood, 60 Fed. 348, 8 C. C. A. 658.

8. Errors alleged in the findings of the court are not subject to revision by the Circuit Court of Appeals or by the Supreme Court, but the court may consider whether there is any evidence upon which such findings could be made. Dooley v. Pease, 180 U. S. 131, 132, 21 Sup. Ct. 329, 45 L. Ed. 457; Hathaway v. National Bank, 134 U. S. 498, 10 Sup. Ct. 608, 33 L. Ed. 1004; Runkle v. Burnham, 153 U. S. 225, 14 Sup. Ct. 837, 38 L. Ed. 694; Case Manufacturing Co. v. Soxman, 138 U. S. 431, 438, 11 Sup. Ct. 360, 34 L. Ed. 1019; Martinton v. Fairbanks, 112 U. S. 670, 672, 5 Sup. Ct. 321, 322, 28 L. Ed. 862, where Mr. Justice Woods said:

"If the question was whether all the evidence was sufficient in law to warrant a finding for the plaintiff, he should have presented the question by a request for a definite ruling upon that point."

Lehnen v. Dickson, 148 U. S. 71, 72, 13 Sup. Ct. 481, 482, 37 L. Ed. 373, where it is said:

"As said by Mr. Justice Blatchford in Lancaster v. Collins, 115 U. S. 222, 225, 6 Sup. Ct. 33, 34 [29 L. Ed. 373]: 'This court cannot review the weight

of the evidence, and can look into it only to see whether there was error in not directing a verdict for the plaintiff on the question of variance, or because there was no evidence to sustain the verdict rendered.' "

Consolidated Coal Co. v. Polar Wave Ice Co., 106 Fed. 798, 45 C. C. A. 638, where it is said:

"This court" will not "examine the record with a view of ascertaining what the testimony established or did not establish, except in that class of cases where at the conclusion of all the evidence a request is preferred to direct a verdict for the defendant upon the ground that there is no substantial evidence to support a judgment against the defendant."

See, also, Hall v. Houghton, etc., Mercantile Co., 60 Fed. 350, 8 C. C. A. 661.

It seems that the power of the appellate court to review the rulings of this court upon questions of law involved in the motion to dismiss is ample. It is difficult to conceive of its nonexistence. The plaintiff in this case admits that it exists, and, but for some expressions in certain opinions to which attention has been called, no doubt would have arisen. The request for special findings of fact is denied, in reliance upon the repeated utterances of the appellate courts that the rulings of this court upon questions of law may be reviewed in the manner pointed out by them as hereinbefore considered.