HALL'S SAFE CO. et al. v. HERRING–HALL–MARVIN SAFE CO.

(Circuit Court of Appeals, Sixth Circuit.   June 20, 1906.)

No. 1,494.

1. CORPORATIONS—CONTRACTS—BINDING EFFECT ON STOCKHOLDERS.

A contract made by a private corporation on a sale of its property, business, and good will, that it will not again engage in business in competition with the purchaser, is not binding individually on a stockholder, even though he may have been an officer acting for the corporation in the transaction.

[Ed. Note.—For cases in point, see vol. 12. Cent. Dig. Corporations, §§ 663, 664, 1457.]

2. TRADE-MARKS AND TRADE-NAMES—RIGHT TO USE NAME IN TITLE OF CORPORATION—UNFAIR COMPETITION.

Hall's Safe & Lock Company, a corporation, and its predecessors in business were engaged for many years in the manufacture of safes, which were marked and known generally as "Hall's Safes," and acquired a good reputation. The company sold its property, business, and good will, which were subsequently acquired by complainant, and went out of business. The individual defendants whose name was Hall, and who had throughout their business lives been engaged in the making of safes, subsequently organized a corporation for that purpose under the name of "Hall's Safe Company." Held, that the adoption and use of such name was within their rights, provided it was so used as not to mislead the public into the belief that the company's products were those of the Hall's Safe & Lock Company or its successors in business, against which complainant was entitled to an injunction.

[Ed. Note.—Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

3. SAME—INFRINGEMENT BY CORPORATION—LIABILITY OF STOCKHOLDERS.

Stockholders in a corporation are not individually liable or subject to injunction because of unfair competition practiced alone by the corporation.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

Judson Harmon and W. C. Cochran, for appellant.
Lawrence Maxwell, Jr., for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. The parties to this controversy are engaged in the business of manufacturing and selling safes. The complainant is a corporation organized under the laws of New Jersey. The defendant the Hall's Safe Company is an Ohio corporation, and the other defendants are citizens of that state. The bill was filed for the purpose of obtaining an injunction restraining the defendants from carrying on the business of manufacturing or selling fireproof or burglar proof safes or vaults under the name of the "Hall's Safe

Company," or under any other trade-name substantially or essentially the same, and calculated to deceive the public or intending purchasers into the belief that they are dealing with the complainant, or with the establishment founded by Joseph L. Hall and carried on by complainant, when they are dealing with the defendants, and from advertising their products as "Hall's Safes," and from marking them with that name, and for the recovery of profits and damages already lost and suffered by the complainant from acts of the like character, and there was a prayer for general relief.

The facts, about which there is not much controversy, are these: From about the year 1847 to 1867, one Joseph L. Hall had, in successive co-partnerships with other persons, been engaged at Cincinnati, Ohio, in the manufacture and sale of fire and burglar proof safes. In this business he had been the principal and managing member of his firms. In the latter year (1867) he with other persons organized a corporation under the laws of Ohio by the name of "Hall's Safe & Lock Company," for the purpose of carrying on the same business. Its factory and principal office were located at Cincinnati, and its business of selling safes extended throughout the United States and into foreign countries. Its safes were known as "Hall's Safes" and "Hall's Standard Safes," and certain styles of them were marked "Hall's Standard Safes," and the safes had a good reputation. In March, 1889, the said Joseph L. Hall, who was at that time the principal stockholder in the corporation last mentioned, died. He sons, Edward C., William H., and Charles O. Hall, were also stockholders. The first two became, successively, presidents of the corporation. The stock of Joseph L. Hall continued part of his estate, and the business went on as before until May 4, 1892, when the corporation sold to the Herring-Hall-Marvin Company, a New Jersey corporation; all its "real estate and leasehold interests, tools, machinery, fixtures, merchandise, trade-marks and good will," and the Hall's Safe & Lock Company covenanted and agreed that it would close up its affairs and be dissolved and would not in the future engage or continue in said business. This sale and agreement was assented to by the above-named sons of Joseph L. Hall, who are the individuals made defendants in this cause. Edward C. Hall and William H. Hall at or about the date of the transfer became stockholders (as we must suppose), directors, and, respectively, president and treasurer, of the Herring-Hall-Marvin Company, at stated salaries agreed upon at the time of said transfer. But in 1895 these persons were deposed from their offices, and their salaries reduced, and on August 1, 1896, they resigned their offices as directors. Their resignations were accepted, and they withdrew from the company. At the time when these parties became associated with the Herring-Hall-Marvin Company, a written agreement with that company was entered into by each of them, which, after stating the terms of their employment, contained the following stipulation:

"And in consideration as aforesaid, I, the said Edward C. Hall (in the other contract, William H. Hall), do hereby covenant, promise, and agree that I will not, so long as the Herring-Hall-Marvin Company may desire to retain my services as above, engage, either in the state of Ohio, or in the state of

New Jersey, or in any of the states east of the Mississippi river, in the business of manufacturing, selling, buying, or dealing in fire or burglar proof vaults and safes, or in any business or occupation such as the said corporation known as the Hall's Safe & Lock Company has heretofore been engaged in, or such as the Herring-Hall-Marvin Company is authorized or impowered to engage in, or in any other business which will or may compete or interfere in any manner with the business of the said Herring-Hall-Marvin Company."

In September, 1896, Edward C. Hall, William H. Hall, Charles O. Hall, and other persons organized a corporation under the laws of Ohio by the name of the "Hall's Safe Company," the corporate defendant herein, and this company shortly thereafter went into the business of manufacturing and selling safes. A bill in equity was soon after filed in the Circuit Court of the United States against the new company by the Herring-Hall-Marvin Company, complaining that the former was infringing its trade and good will, and praying for an injunction. While that suit was pending the Herring-Hall-Marvin Company became insolvent, and a receiver was appointed. A new corporation was organized in New Jersey, the complainant in this suit, an order of the court for a sale of the assets of the old company was obtained, and the new company became the purchaser in December, 1900, by a deed which purported to convey to the complainant all the real estate, personal property, manufacturing plant, tools, machinery, merchandise, assets, franchises, property, and good will of the Herring-Hall-Marvin Company. The bill in that case was dismissed upon a ground not now material, but without prejudice. Not long after the present bill was filed by the new company.

The gravamen of the complaint is that the defendants invade and injure the good will and reputation of the complainant's business by the adoption of the corporate name of the defendant, the "Hall's Safe Company," and also by inducing the public, through advertisements, circulars, and other representations, to believe that their safes are the product of the complainant's business. The defendants admit the acquisition by complainant of the properties, including the good will, of the Hall's Safe & Lock Company, but claim that the individual defendants were not by the sale of the latter company deprived of the right to organize a new company which shall include their family name, and that the name of "Hall's Safe Company," is one which may lawfully be adopted. The defendants also filed a cross-bill, in which they charge complainant with unfair conduct in seeking to divert the defendant's trade by false representations concerning it. The complaint of the cross-bill was that the defendant therein had some time prior to the commencement of this suit removed its manufacturing plant from Cincinnati to Hamilton, Ohio, and had directed all mail addressed to the Hall's Safe & Lock Company at Cincinnati to be forwarded to it at Hamilton, and that it was holding itself out as the Hall Safe & Lock Company or Hall Safe & Lock Works, and the like, and was representing by its signs, advertisements, publications, and stationery that it was the "Successor of Hall's Safe & Lock Co., or was "operating Hall's Safe & Lock Works," or was making and selling "Hall's Safes," and upon answer and replication evidence was taken upon those matters. The court below dismissed the cross-

bill, and decreed for the complainant upon the original bill, awarding an injunction. Complaint is made of the decree, that it is vague and uncertain in respect to the things which the defendants are restrained from doing; a matter to be recurred to later on.

Counsel for complainant contend that it is entitled to the relief it demands by virtue of the contract between its predecessor and assignor and the Hall Safe & Lock Company by which it, though the assignment, acquired the property and good will of the latter company, and that its rights are not to be measured by the rules and principles which apply in the case of unfair competition in trade; and it is argued that this consideration distinguishes the case from that of Howe Scale Co. v. Wyckoff, Seamans, etc., 198 U. S. 118, 25 Sup. Ct. 609, 49 L. Ed. 972, where there was much discussion of the extent of the right of a person to use his own name in the conduct of his business, whether it be his private business, or that of a corporate business in which he is associated with others; and reference is made to the language of the chief justice at page 140, where he says:

"We hold that, in the absence of contract, fraud, or estoppel, any man may use his own name in all legitimate ways, and as the whole or a part of a corporate name."

Upon this contention it becomes important to determine what were and are the relations between the complainant and its predecessor in title and the several defendants. Undoubtedly the Herring-Hall-Marvin Company acquired by its contract of purchase with the Hall Safe & Lock Company all its physical properties and the good will which it had acquired in its business, as well as the right to use such trade-names as had been customarily used to identify its products. It acquired also the right to require that the Hall's Safe & Lock Company should go out of business, or, in substance, that it should not longer engage in business of the kind which it sold to the Herring-Hall-Marvin Company. But it is contended that the contract reaches beyond the corporation, the Hall Safe & Lock Company, and binds the defendants who were stockholders and officers of the corporation, and prevents them and any corporation of which they may become stockholders and managers from doing what the Hall Safe & Lock Company could not do; and the principal reason for this contention is the fact that these individual defendants participated in the sale, and as stockholders received its benefits. We are of opinion that this proposition cannot be sustained. The contract which the Herring-Hall-Marvin Company had was with the corporation only, and not with its stockholders or officers. The officers who conducted the business of the selling company were not parties to the contract. It is a familiar rule that an agent, who, having lawful authority, makes a contract with another for a known principal, does not bind himself, but his principal only (Story on Agency, § 261; Mechem on Agency, § 555; Whitney v. Wyman, 101 U. S. 392, 25 L. Ed. 1050); and the officers of a private corporation, in respect to their liability on contracts entered into by them in behalf of the corporation, stand upon the same footing as agents of private individuals (21 Am. & Eng.

Ency. of Law [2d Ed.] 879; Whitney v. Wyman, supra). If the purchaser desired to make the officers and agents of the selling corporation subject to the stipulations of the company in the contract of sale, it should have required their personal agreement to that effect.

The cases cited by counsel for the complainant to support their contention that the court may look through the form of a corporate organization, and fasten upon the stockholders a liability for the acts of the corporation, do not support such a doctrine as applicable to contract relations. These are State v. Standard Oil Co., 49 Ohio St. 137, 30 N. E. 279, 15 L. R. A. 145, 34 Am. St. Rep. 541, McKinley v. Wheeler, 130 U. S. 630, 9 Sup. Ct. 638, 32 L. Ed. 1048, and Anthony v. American Glucose Co., 146 N. Y. 407, 41 N. E. 23. They were all cases where, for special purposes and in special circumstances, the court held that it was competent and proper to regard the rights and duties of stockholders in corporations. None of them impugns the general rule above stated that in matters of contract the officers and agents of a corporation are not bound personally by stipulations made by them in behalf of their principal. This rule is not affected by the circumstance that they are indirectly interested as stockholders in the contracts of their corporation. If it were so, it would break down all distinction between the corporate entity and its component parts. Counsel for the appellee have painted in their brief a recent decision, not yet published, of the Circuit Court of Appeals for the Seventh Circuit, in a case entitled Hall's Safe & Lock Company and James W. Donnell v. Herring-Hall-Marvin Safe Co. The suit was brought to restrain the defendant from using in its business the corporate name of the complainant as descriptive of its products. The defendant filed a cross-bill to restrain the complainant in the original bill from using the name of the Hall's Safe & Lock Company in their business of making and selling safes, and from selling such safes as "Hall's Safes." It appears from the opinion that Donnell had organized an Illinois corporation, the codefendant, with the name of the old Hall's Safe & Lock Company, having no member of the name of Hall, and was carrying on the safe business under that style at Chicago. The court holds—what we should suppose quite clear—that this assumption of the name of "Hall's Safe & Lock Company" was a fraudulent device to appropriate the good will of the old company, to which the Herring-Hall-Marvin Safe Company had succeeded. It is also held that the defendant in the cross-bill should be restrained from selling safes which were not of the manufacture of the Herring-Hall-Marvin Company, as "Hall's Safes." It was claimed that the defendant in the cross-bill was selling under that name safes made by the Hall's Safe Company, the defendant here. It was only in this incidental way that the rights of the Halls were considered, and of course they could not be adjudged in that suit.

We do not think there is any substantial difference between the conclusion of that court upon the propriety of the use of the designation "Hall's Safes" and our own. We think it quite likely that court would have accepted the qualification that the use of such a designation in the business of the Halls would not be unlawful provided it

was accompanied by explanatory matter showing that the product was their own, and not that of the old company or its successors in business. It is true that the learned judge who delivered the opinion said arguendo that the court might look behind the corporation, and find whether there were equities between the Herring-Hall-Marvin Company and the members of the Hall's Safe & Lock Company which would attach to the Hall's Safe Company, of which they are now members, and, concluding there were such equities, proceeded to deduce the consequences. Without repeating what we have said upon this subject, we are constrained to think that the defendants Hall were not bound individually, in law or in equity, by the contract of their corporation.

The determination of the case must depend upon the application of other principles than such as would obtain if there were contractual relations between the parties in reference to the subject-matter of the suit. When the Herring-Hall-Marvin Company purchased the Hall Safe & Lock Company's plant and business, it acquired the good will of the latter company, and this included the right to use the means of communicating to the public information that it had succeeded to the business and good will of its vendor, and among these rights was that of using the trade-names which had been employed in the business, and by which the products thereof had been identified and known; and although the receiver's conveyance to the complainant did not in terms convey the right to use the old trade-names, yet, as it professed to convey all the assets of the Herring-Hall-Marvin Company, including the good will, we think it should·be held that the purchaser acquired the right to designate its products by the same means as its predecessor in title had done. These rights it was entitled to enjoy exclusively. They were its property. Neither these defendants nor any other person could lawfully invade them, and we put the statement in this form to signify that in our opinion the defendants were precluded equally with, and not otherwise than, all other persons; because it seems to us that, if there are no contractual relations between the parties, it is indifferent that the rights of the complainant are derived from the Hall Safe & Lock Company.

It would not be difficult to define in comparatively set terms the limits within which the parties to this controversy should be confined, were it not for the fact that these individual defendants bear the name which has long been associated with the complainant's products. Joseph L. Hall left five sons, of whom the defendants Hall were the eldest, and they were all bred to the father's business, and have followed it from their youth. They undoubtedly have the right to pursue the occupation of manufacturing and selling safes, and they have the right to use their own family name in the business, and adopt all proper means of making it known to the public that the safes they offer are made by them, and they have the right to build up a business with a good will of its own, and if they choose to organize a corporation for that purpose, they have the right to use their family name in its title. But in doing all these things neither these individual parties nor the corporation has the

right to endeavor to lead the public into the belief that the safes they make are the product of the Hall Safe & Lock Company's successors in business. If, notwithstanding the defendants conduct their business within these limits, it should happen that from the similarity of names and the kind of business, intending purchasers might sometimes fall into the mistake that the defendants were the successors of the Hall Safe & Lock Company, and were making the kind and quality of safes that were made by that company, the defendants would not be responsible therefor. If in the choice of a corporate name one should be chosen which would be likely to catch the complainant's business, it would be necessary to accompany its use in the business of the company by explanatory statements, which would prevent any misunderstanding; for such a choice without explanation would be prima facie evidence of unfair dealing. The cases upon this subject have come to be very numerous, and it is unnecessary to canvass them. This has been done so recently in several decisions of the Supreme Court that we shall content ourselves with the statement of the controlling principles which we conceive to be now established, referring for authority to Howe Scale Co. v. Wyckoff, Seamans, etc., 198 U. S. 118, 25 Sup. Ct. 609, 49 L. Ed. 972; Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118; Brown Chemical Co. v. Meyer, 139 U. S. 540, 11 Sup. Ct. 625, 35 L. Ed. 247; Turton & Sons v. Turton & Sons, L. R. 42 Ch. Div. 128; Reddaway v. Benham, L. R. App. Cas. (1896) 199. The subject was also elaborately discussed and the authorities cited in the opinion of this court in Royal Baking Powder Co. v. Royal, 122 Fed. 337, 58 C. C. A. 499, delivered by Judge Lurton.

Recurring to the facts of the present case, the name adopted for the corporation was "Hall's Safe Company," a name so dangerously near to that of the "Hall's Safe & Lock Company" as to make it apparently necessary, to avoid mistake, that explanation should be made that it was not the same company or its successor in business. The testimony shows clearly enough that this had not been done, and although for a short time before the filing of the petition the defendant's practices had been mended in this regard, there was sufficient ground to apprehend the repetition of unauthorized pretensions by defendants to justify the complainant in invoking the power of the court to prevent them. Inasmuch as the individuals who are made defendants are not engaged in a business or proposing to engage in a business of their own prejudicial to the complainant, it would seem that the relief required should be the restraining of the corporation and its officers and agents from committing the unlawful acts complained of. It is not alleged in the bill that these defendants are personally committing, or threatening to commit, any injurious acts. They are apparently made parties because of the fact that they were large stockholders in the Hall's Safe & Lock Company, and had assented to the sale of its properties, and had been instrumental in the organization of the new company. But we do not think the latter fact alone subjected them to any liability, and if,

as we have held, they were not personally bound by the stipulations of the company, we perceive no sufficient ground for awarding an injunction against them. This has often been held in suits brought for the infringement of patents, and the rule seems equally applicable to cases of the character before us. Western Union Tel. Co. v. Home Tel. Co. (C. C.) 85 Fed. 649; Bowers v. Atlantic, G. & P. Co. (C. C.) 104 Fed. 887; Loomis-Manning Filter Co. v. Manhattan Filter Co. (C. C.) 117 Fed. 325; Greene v. Buckley (C. C.) 120 Fed. 955.

But we think the facts justified an injunction against the Hall Safe Company, though not in the terms stated in the decree.

With respect to the defendants Hall, we think the decree should be reversed, with directions to dismiss the bill.

With respect to the defendant Hall's Safe Company, the injunction should be modified. In lieu of the injunction ordered by the court below, the following will be substituted: The defendant the Hall's Safe Company, its servants, agents, officers, and employés, are perpetually enjoined from carrying on the safe or vault business in the name of the Hall's Safe Company, or any other name having similarity to the name Hall's Safe & Lock Company, without also giving information to the public that it is not the business formerly carried on by the Hall's Safe & Lock Company, and from marking, advertising, or otherwise designating its safes and vaults as the products of the Hall's Safe & Lock Company or its successors in business, or pretending that it is carrying on the business started by Joseph Hall, and continued by the Hall's Safe & Lock Company, and from interfering in any manner with the exclusive right of the complainant to possess and enjoy the good will acquired by the Hall's Safe & Lock Company, and from using the trade-name of said last-named company without at the same time so qualifying such trade-name as to show that the trade-name used is not the one formerly used to designate the products of the Hall's Safe & Lock Company.

In respect to the matter of the cross-bill, we think there is no substantial ground for complaint. For the reasons stated in the preceding opinion, we are not prepared to say that the complainant in the original bill has exceeded its rights in endeavoring to maintain the benefits of its purchase from the Hall Safe & Lock Company, and we concur with the court below in holding that the cross-bill should be dismissed.

The costs of this appeal will be borne by the appellant Hall's Safe Company and the appellee, to be equally divided.