[No. 4176.]

## COLORADO SPRINGS & INTERURBAN RAILWAY CO. V. MERRILL.

1. NEGLIGENCE—*Contributory Negligence—Last Clear Chance.* Though the negligence of plaintiff has placed him in a position of peril, yet, if defendant observes his peril in time to avoid doing him injury, by the exercise of due care, and fails to exercise such care, the prior negligence of the plaintiff is not deemed contributory. The later negligence of defendant, he having opportunity to avoid the injury, is not only the proximate, but the sole cause of the injury, the prior negligence of plaintiff being regarded as having created only a condition, without which the injury would not have happened, and not as the cause of its occurrence. (385, 386.)

Anything conflicting with this in the opinion in *Denver Company v. Gustafson,* 21 Colo. App., 178, is overruled. (383.)

Defendants' car moving to the East, approached a street upon which plaintiff was walking to the North. From the moment of plaintiff's entry into the street upon which defendant's tracks were laid, the car was plainly to be seen; and the plaintiff likewise was in plain view of those upon the car. Plaintiff walked leisurely into the street, looking neither to the right or left, and giving no manifestation that she was aware of the approach of the car. Nevertheless, though her peril, and that she was unconscious of it, were manifest, the motorman gave no signal of his approach, and made no effort to check his speed until "right upon her." Plaintiff was struck by the overhang of the car, at the instant of passing the nothermost rail. *Held* that not withstanding plaintiff's negligence, in view of the reckless conduct of the motorman, the case was properly left to the jury. (383, 388.)

2. INSTRUCTIONS—*Construed.* Action by a pedestrian for an injury attributed to the reckless management of the street car of defendant, at a street crossing. The defense was the contributory negligence of plaintiff in attempting to pass the tracks, without looking in either direction. Defendant prayed an instruction to the effect that it was the duty of the pedestrian, in such case, to look out for himself, and exercise such care as a reasonably prudent person would exercise, under the same circumstances, and that if plaintiff failed to exercise this degree of care, they should find for defendant. To this the court added the words, "upon this question." The modification was not held misleading. (388, 389.)

*Error to El Paso District Court.* HON. W. S. MORRIS, Judge.

MESSRS. CHINN & STRICKLER, for plaintiff in error.

MR. W. D. LOMBARD and MR. W. N. RUBY, for defendant in error.

KING, J., rendered the opinion of the court.

Goldie Merrill brought this suit to recover damages in the sum of $5,000 for personal injuries sustained by her when struck by a car of the Colorado Springs & Interurban Railway Company, at the intersection of Kiowa and El Paso streets, in the City of Colorado Springs, Colorado. She had a verdict and judgment for $1800. The railway company, defendant below, now claims that the trial court erred in refusing to direct a verdict for it as defendant, and in giving certain instructions, to which it objected. Both objections have their basis in the contention that a recovery by plaintiff is barred by reason of her contributory negligence, without which the accident, with its attendant injury, would not have occurred.

Inasmuch as the verdict of the jury has determined the credibility of the witnesses, and the preponderance of the evidence, in favor of plaintiff, the facts necessary for an understanding of the question or questions to be considered must be found in the evidence introduced for the plaintiff, and so much of that introduced by the defendant as is not disputed.

Defendant had street car tracks running east and west on Kiowa street, which crosses El Paso street at right angles. The car which struck plaintiff was going east. As it approached El Paso street it could be seen for a distance of about thirteen hundred feet, by a person standing at the intersection of said streets, the view being unobstructed, with a slight exception produced by columns supporting an overhead crossing used by the Santa Fe Railway Company for its trains, which crossed Kiowa street about eighty-five feet west from the point where the accident occurred. The distance from the curb on the south side of Kiowa street to the street car track was 40-4/10 feet. Plaintiff was walking northward along the east side of El Paso street, and testified that when she reached the curb, and before stepping

into Kiowa street, she looked both east and west, but observed no car approaching. After stepping into the street she has no recollection of what occurred until she regained consciousness, some days thereafter in the hospital. It is shown by several witnesses, two of whom were in the front part of the approaching car, and one on the south line of Kiowa street, about two hundred feet west of the line of El Paso street, when the car passed him, that the plaintiff proceeded directly across the street and track, walking at an ordinary pace, looking neither to the right nor to the left; that immediately after she had stepped across the north rail of the track she was struck by the corner of the car overhanging the north side of the track; that the car was traveling about twenty-five miles an hour, and did not slacken its speed, nor did the motorneer make any effort to stop the car until it was within five or six feet of plaintiff; that when the car reached a point about two hundred feet west of the street intersection the plaintiff was within three or four feet of the south track, giving no indication that she was aware of the approach of the car, and that it was about one hundred feet from her when she stepped on the track; that a bell was being rung on the engine of a Santa Fe train then approaching the overhead crossing, but witnesses heard no bell or gong sounded on the car; that it was broad daylight, and nothing to hinder the motorneer from seeing plaintiff while she was approaching or as she stepped on the track. One of the witnesses riding on the car, attracted by the situation of the plaintiff, and apprehending her danger, stepped to the side of the motorneer and observed the accident, looking through the same window the motorneer was using, and testified that no effort was made to stop the car until it was "right onto" the plaintiff. The car could be stopped, by use of the appliances furnished, in twenty feet, if running from twelve to fifteen miles per hour, as testified by the motorneer; in sixty feet if running twenty-five miles

per hour.   It ran about thirty-eight feet after striking plaintiff.

1.   For the purposes of this review it may be conceded or assumed that the plaintiff was negligent, in that she did not exercise that ordinary care which the law imposed upon her to look and listen before attempting to cross the tracks of the defendant.   It is clearly proven, and we think conceded by her counsel, that she did not look nor listen at a time or point when such act would have been effectual.   It may further be conceded that such negligence of plaintiff was continuous and operative from the time she left the curb until she reached the railway track, or arrived at a point so near thereto that a passing car must strike her. After reaching the track it would appear that further advancing was taking her out of danger, and not into it.   The railway company contends that under the evidence, with the foregoing assumption, the doctrine of the "Last Clear Chance" cannot be successfully invoked to fix liability upon it, for the reason that there was no negligence of the company supervening subsequently to that of plaintiff—that their concurring negligence resulted in the injury—citing in support of its contention the case of *Denver City Tramway Co. v. Cobb,* 146 Fed., 41, 90 C. C. A., 449, with its copious citation of authorities, and also numerous other authorities, including *Denver City Tramway Co. v. Gustafson,* 21 Colo. App., 478, 121 Pac., 1015, and *Sagara v. Chicago, R. I. & P. Ry. Co.,* 58 Colo., 236, 144 Pac., 881; and further insists that the doctrine does not apply, because, as it is said, neither the plaintiff's negligence nor her position of danger or peril was observed by defendant's motorneer in time to avoid the injury.   Under the "Last Clear Chance" doctrine, as adopted by the courts of this state, we think the application of the rule may be invoked by the plaintiff, even though her negligence, in not looking and listening for the approach of the car, may have been continuous and operative down to the very moment of the injury, provided the

evidence was such that the jury was warranted in believing that she was not aware of the approach of the car until such time as it was impossible for her to extricate herself from the predicament in which her negligence had placed her; and, on the other hand, in believing that defendant's motorneer saw plaintiff's position of danger in time to avoid the injury, as an ordinary prudent person should have apprehended her peril, had control of the situation, and did not take the action necessary to avoid it. The rule as adopted in many of the American states as well as in England in cases of this kind seems to be that, notwithstanding the negligence of the plaintiff had placed her in a position of peril, nevertheless, if thereafter the defendant observed the peril to which she was subjected, and still had time, by using due care, to avoid the injury, then the prior negligence of plaintiff should not be deemed as contributing to the result, because it was in no just sense the proximate cause of the injury; that the later negligence of defendant, when it had a chance to avoid the injury by the use of due care, would be not only the proximate cause, but the sole cause of the harm; the prior negligence of plaintiff being regarded as having created only a condition without which the injury would not have happened, but not the cause of its occurrence. An interesting discussion of this question is found in Modern American Law, volume 2, section 69 et seq. Such we understand to be the interpretation of the rule by Mr. Justice Gabbert in *Nicholas v. C. B. & Q. R. R. Co.*, 44 Colo., 501, 98 Pac., 808, the facts of which are sufficiently similar to those in the instant case to make that decision a precedent for this. We quote from pages 515, 516 and 517 (pages 814, 815, 98 Pac.) :

"The principle underlying these propositions is, that the party who has the last opportunity of avoiding injury must prevent it if, by the exercise of reasonable care, he could do so, and if he does not, it is his negligence in this respect, and not that of the one first in fault, which is the

proximate cause of the injury.  *  *  *  The duty to ex-
ercise due care to avoid the consequences of another's neg-
ligence .arises when the circumstances are such that an
ordinarily prudent person would have reason to apprehend
its existence.  *  *  *  It is not necessary that the defend-
ant should actually know of the danger to which the plain-
tiff is exposed, but it is enough if, having sufficient notice
to put a prudent man on the alert, he does not take such
precautions as a prudent man would take on similar notice.
*  *  *  Ordinary care on the part of an engineer requires
vigilance to guard against a dangerous situation reasonably
to be apprehended, as well as one actually imminent, so that
it becomes the duty of an engineer, when he sees a pedes-
trian approaching a public crossing, under circumstances
which would lead him to believe, as an ordinarily prudent
person, that such pedestrian is not aware of the approach-
ing train, to take such steps as an ordinarily prudent per-
son would, under similar circumstances, to prevent the
traveler from placing himself in a situation of danger from
which it will be impossible to extricate himself.   (Citation
of cases.)  *  *  *  It is evident that plaintiff stepped upon
the track without being aware of the proximity of the loco-
motive.   He had given no indication that he was aware of
its approach.  He was in peril when he approached the
track, without looking the second time to the south, before
he stepped upon it.   True, it was not imminent until he
stepped upon the track, or approached it near enough to be
struck, but the employees of defendant on the engine had
that knowledge of his movements and proximity to the track
which the exercise of reasonable care would have imparted.
From this knowledge they may not have been able to de-
termine definitely that he was approaching the track with-
out knowledge of the approach of the engine, but if from
his behavior and all the circumstances it should have oc-
curred to them, as reasonably prudent and intelligent per-
sons, that he did not, then they had notice of the danger to

which he was exposed, and it would have been their duty to take such steps as reasonably prudent persons would and could, under similar circumstances, to prevent the engine striking him, if, in the exercise of such care and taking such steps, his injury could have been avoided."

Applying the rule as there announced to the circumstances of this case, it is clear that there was sufficient evidence to sustain a finding by the jury that defendant's motorneer observed the plaintiff approaching the track, under such circumstances that an ordinarily prudent person should have known or judged that she was in peril, but unconscious of the impending danger; that the motorneer had control of the situation, and had knowledge of it in plenty of time to avoid the injury by using the appliances at his command; that he did not thereafter exercise due care, and therefore defendant is liable. The evidence makes the case peculiarly one for determination by a jury, and its findings should not be disturbed.

Neither the decision nor the views expressed *arguendo* by this court in *Denver City Tramway Co. v. Gustafson, supra,* are controlling in this case. We there expressly held that the "Last Clear Chance" doctrine was not involved, inasmuch as the jury was not instructed on that subject. But if anything in that opinion conflicts herewith, it may to that extent be regarded as overruled. We find nothing in the Sagara case, *supra,* to conflict with the conclusions we have reached. It is there said that the rule is "reasonable and humane." See also *Catlett v. Colorado & Southern Ry. Co.,* 56 Colo., 463-476, 139 Pac., 14.

2. The objection urged to the instructions given will be understood by quoting No. 12, which reads as follows:

"The court instructs the jury that it is the duty of a pedestrian about to attempt to cross the tracks of a street railway company to look out for himself or herself, and to exercise such ordinary care as would be exercised by a reasonably prudent person under the attending circumstances.

If you should find and believe from a preponderance or greater weight of the evidence that the plaintiff, before stepping upon the car tracks of the defendant, failed to exercise the care above mentioned, then you should find in favor of the defendant *upon this question.*"

The objection made and argued is that it was error to add the words italicized.   The defendant, by its request No. 5, submitted the identical instruction quoted, with the exception of the words "upon this question."   Counsels' contention may be best understood by quoting from their brief as follows:

"We respectfully insist that the trial court committed reversible error in adding to the defendant's various requests the words 'upon this question' or 'upon this proposition,' and giving the same, as so amended, as instructions to the jury."

We do not agree with counsel as to this objection. Each of such instructions stated a distinct and separable element, proof of which would tend to defeat plaintiff's cause of action, but either might be found in favor of the defendant, and yet plaintiff would be entitled to prevail upon the theory of the "Last Clear Chance."   In other words, the jury might have found for the defendant upon either or all of the questions submitted in the instructions objected to, upon the question of the concurring negligence of the plaintiff, and still have found for the plaintiff, because the defendant had a clear chance to avoid the accident.   Perhaps words might have been chosen that would more clearly express the meaning of the court, but we think the jury could not have been misled as to the meaning, for it seems clear that the words "upon this question" had reference to the duty of the plaintiff, and the ordinary care that must be exercised by her, failure of which would constitute negligence.

Finding no error, the judgment will be affirmed.