UNION PACIFIC RAILWAY COMPANY *v.* UNITED STATES.

ORIGINAL MOTION IN A CASE PENDING IN THIS COURT ON APPEAL FROM THE COURT OF CLAIMS.

Argued December 7, 1885.—Decided December 21, 1885.

There is nothing in Rev. Stat. § 5261, authorizing certain railroad companies to bring suits against the United States in the Court of Claims to recover the price of freight or transportation, which takes those suits out of the operation of the general rules of this court regulating appeals from the Court of Claims, or which makes it proper for this court to require the Court of Claims to send up with its findings of facts the evidence in regard to them.

When the Court of Claims, on being requested by a party in a cause there pending to find specifically upon several facts which are only incidental facts and amount only to evidence touching the main facts in issue, and the court disregards the requests and finds the facts at issue generally, and judgment is entered, and the party whose request was denied appeals, this court will not remand the case to the Court of Claims, with directions to specifically pass upon each of said requests, or to make a finding of facts on the subject embraced in each of said requests.

This was a motion made in a case appealed from the Court of Claims, to require that court to send up the evidence, or to specifically find on certain requests for findings made by one of the parties, and not passed upon specifically and in detail by the court. The facts are stated in the opinion of the court.

*Mr. John F. Dillon* for the motion.

*Mr. Solicitor-General* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This suit was brought by the Union Pacific Railway Company against the United States under Rev. Stat. §§ 5260 and 5261, to recover among other things the price of the transportation of mails by the company in accordance with the requirements of its charter. These sections are as follows:

"Sec. 5260. The Secretary of the Treasury is directed to withhold all payments to any railroad company and its assigns on account of freights or transportation over their respective roads of any kind, to the amount of payments made by the United States for interest upon bonds of the United States issued to any such company, and which shall not have been reimbursed, together with the five per centum of net earnings due and unapplied, as provided by law.'

"Sec. 5261. Any such company may bring suit in the Court of Claims to recover the price of such freight and transportation; and in such suit the right of such company to recover the same upon the law and the facts of the case shall be determined, and also the rights of the United States upon the merits of all the points presented by it in answer thereto by them; and either party to such suit may appeal to the Supreme Court; and both said courts shall give such cause or causes precedence of all other business."

One of the principal controversies in the case was as to what would be "fair and reasonable rates of compensation" for such transportation, "not to exceed the amount paid by private parties for the same kind of service." When the case was here on a former appeal, this court, adopting the ruling of the Court of Claims, said that it would be proper "to look over the entire field of service in determining what was a fair and reasonable charge for a kind which was similar to, but not identical with, any other. For instance, if it should appear that the receipts of passenger cars were less than the receipts of postal cars, and the costs and running expenses no

greater, we are inclined to think that. that fact might be a proper element in the problem of estimating the amount of fair and reasonable rates of compensation." And we also said that, " upon a retrial, if the parties do not agree upon the amount or upon the rule of computation, the compensation, at fair and reasonable rates, must be determined upon a consideration of all facts material to the issue, not to exceed the amounts paid by private parties for the same kind of service." *Union Pacific Railroad Co.* v. *United States*, 104 U. S. 662, 667. Accordingly, when the case went back, evidence was offered to show :

1. What the public paid for express service, and the similarity of this service in its nature and cost to the mail service ;

2. The earnings per car of the cars employed in the passenger service ;

3. What the company charged and the public paid per pound for carrying extra baggage ;

4. What the company charged and the public paid for carrying first-class freight on passenger trains, and how much more it was worth to carry the same class of matter in passenger trains ; and

5. That connecting roads allowed the company on through-business fifty per cent. more than they themselves received, and the reason for such allowance.

The motion papers also show that, before the first trial of the cause, a stipulation was entered into by the parties agreeing on the amount due the company for mail service, in case one or another of several proposed rules for estimating the price should be adopted by the court.

Before the trial began the court was requested to find specifically the facts as to the several kinds of service about which evidence had been furnished, and the nature, extent, and character of the mail service. The court did not comply with this request, but found generally that " the amounts allowed and retained by the Treasury Department for transportation of mails . . . are a fair and reasonable compensation for the service, and not in excess of the rates paid by private parties for the same kind of service," and gave judgment ac-

cordingly.   The case is now here on appeal by both parties, and the railroad company has moved that the Court of Claims be directed " to send up to this court the entire record in said case, including the interlocutory rulings, and all the evidence on which the case was heard," or, if that cannot be done, that the case be remanded with instructions to " specifically pass upon, affirmatively or negatively, each of said requests, or make a finding of facts on the subject embraced in each of said requests," and that the court be directed to incorporate in the record the stipulation already referred to, and a certain letter mentioned and set out in the motion papers.

So far as the first branch of the motion is concerned, it must be denied on the authority of *McClure* v. *United States*, just decided, *ante*, 145.   There is nothing in the statute under which this suit was brought to show an intention by Congress to allow any other appeal to this court than such an one as is given by the statute conferring general jurisdiction on the Court of Claims. The suit is to be at law and not in equity.   The recovery is to be " upon the law and the facts of the case," but that is no more than is required in every suit at law or in equity.   Under our rule the facts are to be settled by the Court of Claims, and an appeal brings up for review only the decisions of that court upon questions of law arising in the course of the trial or in the application of the law to the facts as finally found.   There is nothing unusual in this.   In an ordinary suit at law the facts are settled in the trial court, and only questions of law are carried to the appellate court for review.   Upon writs of error we hear the case only on findings of fact or exceptions to rulings of the court in the progress of the trial.   Generally, in suits at law there is but one trial upon questions of fact.

The second branch of the motion is also covered by the decision in *McClure's* case.   The special findings which were requested and refused related to mere incidental facts which amounted only to evidence, and were therefore inadmissible as part of the record to be sent here.   *The Francis Wright*, 105 U. S. 381.   They were in reality nothing more than requests for a finding of what the evidence was.   The parties seem to have followed the suggestion on the former appeal, and, after

looking over the entire field of service, they brought in every-thing which, in their opinion, could be of use to the court in determining what would be a reasonable compensation for the service rendered, subject to the requirement of the statute that it should not be more than was paid to private parties for the same kind of service. The question to be determined was one of fact, as much so as the amount of recovery in any action *quantum meruit.* A conclusion could only be reached by con-sidering all the testimony, weighing the facts, and estimating their comparative value as evidence. This presented in no just sense a question of law. Every fact that was proven ac-cording to the motion was simply evidence, and as evidence had performed its entire office when the facts were found. It has no place in the record which is to come here for review.

*The motion is denied.*