# HATHAWAY v. FIRST NATIONAL BANK OF CAM-BRIDGE.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 223. Argued March 20, 21, 1890. — Decided March 31, 1890.

Where a case is tried by the Circuit Court without a jury, and it makes a special finding of facts, with conclusions of law, alleged errors of fact are not, on a writ of error, subject to revision by this court, if there was any evidence on which such findings could be made.

Where the Circuit Court finds ultimate facts, which justify the judgment rendered, its refusal to find certain specified facts, and certain propositions of law based on those facts, will not be reviewed by this court, on a writ of error, if they were either immaterial facts or incidental facts, amounting only to evidence bearing on the ultimate facts found.

THE case is stated in the opinion.

*Mr. Duane E. Fox* for plaintiff in error. *Mr. L. D. Norris* filed a brief for plaintiff in error.

*Mr. George F. Hoar* (with whom was *Mr. William Gaston* on the brief) for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

THIS is an action at law, brought in the Circuit Court of the United States for the District of Massachusetts, by a writ, dated September 22, 1881, by James S. P. Hathaway against The First National Bank of Cambridge, a national banking corporation.

The declaration contains three counts in tort, the substance of which is that the defendant had converted to its own use certain bonds of the United States, with the interest coupons thereon, the property of the plaintiff; and that it had con-

verted to its own use the proceeds of the unlawful and unauthorized sale by it of such bonds, with the coupons thereon, the property of the plaintiff; and that it had unlawfully sold such bonds, with the interest coupons thereon, the property of the plaintiff, and converted the proceeds to its own use. The bonds were seven bonds of $1000 each, commonly called 5-20 bonds, with interest coupons attached; five of the same bonds, of $500 each, with coupons; and five of the same bonds, of $100 each, with coupons.

The declaration also contains two counts in contract, one for money received by the defendant for the sale of the bonds, and for interest on the money so received, from the time of the sale. The second count in contract alleges that Gilbert Hathaway, the father of the plaintiff, in 1865, placed with the defendant and in the hands of its cashier certain bonds, his property, which were to stand as collateral security for the payment of certain notes which might become due to the defendant from one Appleton Hubbard; that those bonds were afterwards converted by the defendant into such 5-20 bonds, and thenceforth, by agreement of the parties, the 5-20 bonds were to be held by the defendant as collateral security for the payment of any notes which might thereafter become due to the defendant from Hubbard; that certain notes were afterwards made by Hubbard to the defendant, for which the bonds were to stand as collateral security, but only on the express agreement by the defendant that it had no right to sell or dispose of any of the bonds, except upon and after the maturity and non-payment by Hubbard of such notes, and then only to such an amount as would be sufficient to pay any overdue and unpaid note; that the defendant knew that the bonds were the property of Gilbert Hathaway, and not the property of Hubbard; that Hathaway died in 1871, and the plaintiff, as residuary legatee under his will, which had been duly proved, became the owner of the bonds and coupons; that the defendant agreed with Gilbert Hathaway, and after his death agreed with the plaintiff, to keep the bonds safely and return them to the plaintiff on his demand therefor, subject only to the right to sell sufficient of them to

pay any overdue and unpaid note of Hubbard, for which the bonds were so held as collateral security; that the defendant sold all of the bonds at a time when no note of Hubbard was due and unpaid to it, and when it had no right to sell the same; and that the defendant owes the plaintiff $20,000, for the proceeds of the sale of such bonds, and for the interest coupons attached thereto, and for interest on such proceeds from May 1, 1879, when the same was demanded by the plaintiff from the defendant, and which the defendant then refused to pay to the plaintiff.

The answer of the defendant denies all the allegations of the writ and the declaration, and sets up that whatever bonds were sold by it were rightfully sold; that it had the legal right to retain whatever money it had retained from the proceeds of the sale of any of the bonds; and that whatever of the acts complained of were done by the defendant were done by the consent of the plaintiff, so far as his consent was necessary and proper to the validity of such acts, and were ratified by the plaintiff, so far as he had any interest therein.

There was a trial in 1883 by a jury, which failed to agree on a verdict. In September, 1885, by a written stipulation, a trial by a jury was waived, and the case was tried by the court without a jury. On the 16th of January, 1886, the court found as facts:

(1) That, prior to April 24, 1879, the plaintiff's testator delivered to Appleton Hubbard, of Cambridge, certain bonds of the United States, amounting, at their face value, to $10,000, with power and authority to dispose of them and to deal with them in the manner in which the same were disposed of and dealt with by said Hubbard, as hereinafter stated;

(2) That, after such delivery, Hubbard pledged them to the defendant as collateral security for the payment of twenty-five promissory notes made by said Hubbard and payable to and owned by the defendant, which notes were in the whole for the sum of $10,000, and were to mature on different days from the 24th of April, 1879, to the 5th of August, 1879;

(3) That, on the 24th of April, 1879, Hubbard agreed with the defendant that said bonds should be sold and the proceeds invested in other bonds of the United States;

(4)  That, on the 25th of April, 1879, the defendant sold said oonds and received for them the sum of $10,156.25 ;

· (5). That, ·on the 29th or 30th of April, 1889, Hubbard agreed with the defendant that the proceeds of the sale of said bonds should not be invested in other bonds of the United States, but that such proceeds should be applied by·the defendant to the payment of the notes of Hubbard then held by the defendant, part of which were due and .part of which were to become due, and that proper allowances of interest by way of charge or rebate should be made in respect of said notes·;

(6)  That thereupon the defendant applied said proceeds according to said agreement, and that the surplus of· said proceeds over and above the amount of all said notes, with allowance of interest as aforesaid, .was $175.85 ;

(7)  That, on the 16th of May, 1879, the defendant paid said sum of $175.85 to Hubbard, and on the 19th of May, 1879, Hubbard paid the same amount to the plaintiff ;

(8)  That the plaintiff afterwards had knowledge of all the facts hereinbefore stated, and, having knowledge of the same, ratified and confirmed the said contracts, dealings and transactions between Hubbard and the defendant.

.  On these findings of fact the court held as matter of law : 1, That the evidence offered by the defendant to prove proceedings in insolvency against Appleton Hubbard is irrelevant and inadmissible ; 2, That the above findings of .fact may lawfully be made from the evidence admitted and considered ; 3, That, on the above findings of fact, there should be judgment for ·the · defendant, for costs.

ʿ  On the same day, a judgment was entered that the plaintiff take.nothing by his writ; and. that the defendant recover the costs of suit from the plaintiff..

There is a bill of exceptions,·which states that each party introduced evidence to maintain on his part the issue joined; that the evidence on both sides· is annexed to the bill of exceptions and made part thereof; that, after the close of the evidence, the plaintiff insisted that he was entitled to judgment, and filed with the court certain prayers for findings of fact and of law, which are annexed to and made part of the_

bill of exceptions; that the court refused to make any of such findings, except in so far as they were consistent with the findings of fact and of law which the court afterwards made, being the findings above set forth, to which refusal the plaintiff excepted; and that the plaintiff also filed exceptions to the findings of fact and of law so made, and to the refusal of the court to make the findings of fact and of law so requested by the plaintiff.

The plaintiff brought a writ of error to review the judgment; and, he having died, the writ is prosecuted in the name of his executrix.

. The assignments of error filed in the Circuit Court and sent up with the record allege that the court erred, first, in making the finding of fact numbered (1); second, in making the finding of fact numbered (5); third, in making the findings of fact numbered respectively (7) and (8); fourth and fifth, in making its findings of law numbered 2 and 3; and sixth, in making its mixed finding of law and fact, that there was ratification and confirmation of the dealings of Hubbard and the defendant concerning the $10,000, face value, of the United States government bonds, in controversy.

The first three assignments of error allege errors merely in the findings of fact by the court. Those errors are not subject to revision by this court, if there was any evidence upon which such findings could be made. *The Francis Wright,* 105 U. S. 381, 387; *McClure* v. *United States,* 116 U. S. 145, 152; *Union Pacific Railway* v. *United States,* 116 U. S. 154, 157; *Merchants' Ins. Co.* v. *Allen,* 120 U. S. 67, 71. Those three assignments of error amount, in substance, to the same thing as the alleged error in finding as a matter of law that the findings of fact stated could lawfully be made from the evidence admitted and considered.

The assignment of error numbered 6 raises the same question which is raised by that numbered 4, namely, whether there was any evidence in the case which authorized the court to make the finding of fact numbered (8), covered by the assignment of error numbered 3, as to ratification and confirmation.

As to the findings of fact numbered (1) and (2) we are of opinion that, on the evidence of Hubbard, and that of the defendant's cashier, Bullard, and that of the plaintiff, and the other evidence in the case, the court was justified in making those findings. It was, like a jury, the sole judge of the credibility of the witnesses, and the questions were questions of fact, on the evidence. It would serve no good purpose to examine the evidence critically, nor is it our province to do so. It is sufficient to say that the case was not one where there was no evidence to justify the findings of the court.

The same remarks may be made as to the other findings of fact made by the court, and especially as to its finding that the plaintiff, with knowledge of all the facts found by the court, ratified and confirmed the contracts, dealings and transactions between Hubbard and the defendant, set forth by the court.

As to the refusal of the court to find certain facts specified by the plaintiff, and certain propositions of law based on those facts, they were either immaterial facts or incidental facts amounting only to evidence bearing on the ultimate facts found. *The Francis Wright*, 105 U. S. 381, 389; *McClure* v. *United States*, 116 U. S. 145, 152; *Union Pacific Railway* v. *United States*, 116 U. S. 154, 157; *Merchants' Ins. Co.* v. *Allen*, 120 U. S. 67, 71.

The action being founded on the alleged wrongful acts of the defendant in selling the bonds and using the proceeds to pay the notes of Hubbard, it follows that, if Hubbard consented to such acts, and if, by the arrangement between Hubbard and Gilbert Hathaway, the former had authority to consent to such acts, and if the plaintiff, having full knowledge of the transactions, ratified and confirmed what was done, he could not maintain this action.

*Judgment affirmed.*