SCHOENWALD et al. v. BISHOP, U. S. Marshal, et al.

(Circuit Court of Appeals, Ninth Circuit. August 6, 1917. Rehearing Denied October 8, 1917.)

No. 2817.

APPEAL AND ERROR ⟨⟩=1010(1), 1023— REVIEW—ACTION TRIED BY COURT.

Where an action is tried by the court without a jury by stipulation under Rev. St. § 649 (Comp. St. 1916, § 1587), the refusal of requests for certain findings is not subject to exception and review; nor is the judgment subject to revision, if supported by the findings and there is material evidence in support of such findings.

In Error to the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Action at law by E. Schoenwald and S. T. Hills, as receivers and assignees of the Pacific Coast & Norway Packing Company, against Harry A. Bishop, as United States Marshal, and D. N. McDonald. Judgment for defendants, and plaintiffs bring error. Affirmed.

Replevin. Action to recover possession of the power boat Bernice, held by defendant in error Bishop, as United States marshal, under writ of attachment issued by the United States District Court for the District of Alaska, Division No. 1, in an action by defendant in error McDonald against the assignor of plaintiffs in error. Judgment for defendants. Plaintiffs allege error.

The Pacific Coast & Norway Packing Company is a Minnesota corporation doing business in the state of Washington and the territory of Alaska. In September, 1914, this company became financially embarrassed and was unable to settle its current obligations, although it is alleged its assets were valued largely in excess of its liabilities. On the 16th day of September, 1914, one Roy W. Nevin brought suit against the company in the superior court of King county, Wash., alleging that plaintiff was a creditor of the defendant corporation to the amount of $1,284, and that the corporation was in imminent danger of insolvency, and praying judgment for $1,284, and "for the appointment of a receiver of the property, assets, and business of the defendant, to control and manage the same, and to continue the business of said corporation for the benefit of all its creditors."

The superior court thereupon entered an order appointing E. Schoenwald (plaintiff in error) as receiver of all the property, assets, and business of the defendant in that action, upon his filing an undertaking executed to the state of Washington in the penal sum of $20,000, with a sufficient surety, conditioned for the faithful discharge of his duties in the usual form. It was further ordered that the receiver was empowered to take possession of and to do all things necessary to the preservation of the property and assets of the defendant therein, and to continue the business until the further order of the court. On September 25, 1914, the court appointed S. T. Hills (plaintiff in error) as joint receiver in the same action, and ordered "that the receivers do forthwith take any necessary and proper steps to the end of extending this receivership without delay over the property and assets of the defend-

ant company located in the territory of Alaska and its business operations therein." On October 26, 1914, the same court made the following order:

"This matter coming on to be heard upon the application of E. Schoenwald and S. T. Hills, as receivers of the Pacific Coast & Norway Packing Company, for an order directing said company, by its duly authorized officers, to convey forthwith to said receivers all its real property in the territory of Alaska, and to transfer to them all personalty there situated, C. O. Steberg, president of said company, being present and consenting to such order, and it appearing to the court that said conveyance and transfer is necessary to the successful conduct of the receivership: It is hereby ordered that the said Pacific Coast & Norway Packing Company convey to said receivers all its title to real estate situated in the territory of Alaska and transfer to said receivers all its personalty there situated, and said C. O. Steberg, as president of said company is hereby directed to execute and deliver to said receivers a sufficient deed to said real estate and a bill of sale of said personalty."

On the same day the Pacific Coast & Norway Packing Company, by C. O. Steberg, its president, and E. Schoenwald, its secretary, executed a conveyance of its real property and a transfer of its personal property, "pursuant to the order of the superior court of the state of Washington in and for King county, this day made and entered in the case of Roy W. Nevin, Plaintiff, v. Pacific Coast & Norway Packing Company, Defendant," to the plaintiffs in error as joint receivers of its property in Alaska, including in the transfer of personal property the power boat Bernice.

On January 25, 1915, D. N. McDonald, one of the defendants in error, commenced an action against the Pacific Coast & Norway Packing Company upon two promissory notes of the latter, which had been delivered before it went into the hands of a receiver for a certain indebtedness accruing in the district of Alaska to McDonald prior to the time of the appointment of either of the receivers mentioned. McDonald had the Bernice attached by H. A. Bishop, United States marshal for the First division of Alaska, and the judgment thereafter rendered in said action provided for the sale of the boat by the marshal to satisfy the judgment for $1,404.89 in favor of McDonald.

On April 28, 1915, plaintiffs in error commenced the present action to recover possession of the Bernice, alleging that the boat was of the value of approximately $2,000, and praying judgment for $500 damages and the costs of suit. Three days after the filing of the complaint herein, the Bernice, her engine, tackle, equipment, machinery, and furniture, were, by virtue of the giving of a bond to defendants by plaintiffs, given and surrendered to plaintiffs as by law provided.

The case was tried by the court before a jury, but the jury was discharged upon agreement at the close of plaintiffs' case, at which time defendants also rested, and both sides demanded judgment. The court thereafter made findings and conclusions of law, and directed that a judgment be entered in favor of the defendants. Plaintiffs allege error in the action of the court in refusing to make certain findings of fact and conclusions of law proposed by plaintiffs, and in making certain other findings of fact and conclusions of law in favor of the defendants. Other facts will be stated in the opinion.

Winfield R. Smith, of Seattle, Wash., and Winn & Burton, of Juneau, Alaska, for plaintiffs in error.

Gunnison & Robertson, of Juneau, Alaska, for defendants in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The plaintiffs in error, to sustain their case as plaintiffs in the court below, first introduced in evidence the record in the case of Nevin v. Pacific Coast & Norway Packing Company in the superior court of King county, Wash. In the complaint in that case it was alleged that the plaintiff was a creditor of the defendant corporation; that the corpo-

ration at the time the suit was begun was financially embarrassed and could not meet its obligations as they matured; that suits had been begun against it, and, if its property was seized and sold at forced sale, sufficient could not be realized to meet its obligations; that it was in immediate danger of insolvency. The prayer of the complaint was for the appointment of a receiver of the property, assets, and business of the corporation for the benefit of all of its creditors, and for a judgment against the corporation in the amount of $1,284, with costs and disbursements therein. In the answer of the corporation it asked that the complaint be dismissed, and for its costs and disbursements therein.

Upon the complaint being presented to the court, the court entered an order in which it was recited that upon the verified complaint, and after argument of counsel for the plaintiff and for the defendant, it appeared to the court that the defendant was in embarrassed financial circumstances and could not meet its obligations as they matured; that suits had been begun against it, and if its property was seized and sold at forced sale sufficient would not be realized to meet its obligations; and that said defendant, though its assets then exceeded its liabilities, was in immediate danger of insolvency. It was thereupon ordered that E. Schoenwald, of Seattle, King county, Wash., be appointed receiver in the action of all the property, assets, and business of the defendant, upon his filing an undertaking executed in the state of Washington in the penal sum of $20,000, with a sufficient surety, to be approved by the court, conditioned on the faithful discharge of the duties of such receiver; that the receiver was empowered to take possession of and do all things necessary to the preservation of the property and assets of the defendant, and continue the business of said defendant, with the full authority to do all things necessary thereto until the further order of the court, and should from time to time report to the court his doings thereunder; that thereupon Schoenwald qualified and entered upon his duties as receiver; that nine days later the court ordered that S. T. Hills, of Seattle, Wash., be appointed a joint receiver in the action with E. Schoenwald, the then receiver, of all the property, assets, and business of the defendant corporation; that the said Hills thereupon qualified and became a joint receiver with Schoenwald. It was thereupon ordered that the receivers forthwith take any necessary and proper steps to the end of extending their receivership without delay over the property and assets of the defendant corporation located in the territory of Alaska and its business operations therein.

Thereafter, to wit, on the 26th day of October, 1914, the court made an order directing the defendant corporation to convey forthwith to said receivers all its real property in the territory of Alaska, and to transfer to them all personalty therein situated, it appearing to the court that said conveyance and transfer were necessary to the successful conduct of the receivership; that on the same day the defendant corporation executed a bill of sale of the personal property located in the territory of Alaska to Schoenwald and Hills as receivers of the corporation, "and not otherwise," in which bill of sale it was recited that it was made "pursuant to the order of the superior court of the

state of Washington in and for King county, this day made and entered in the case of Roy W. Nevin, Plaintiff, v. Pacific Coast & Norway Packing Company, Defendant." This bill of sale included the power boat Bernice heretofore mentioned.

Had the plaintiffs rested their case upon this record, it would have appeared beyond any question that the right of the plaintiff to the possession of the power seine boat Bernice was based solely upon the assignment ordered by the superior court of King county, Wash., and the transfer executed by the Pacific Coast & Norway Packing Company, pursuant to that order, and that their rights as receivers were such as they had under the order of the court, "and not otherwise." After the plaintiffs had introduced this record, they undertook to show by oral testimony that the assignment was a voluntary common-law assignment, and that the transfer was of the same character. There is the question whether this oral testimony was admissible to contradict, explain, or control the evidence furnished by the record of the proceedings in the state court; and there is also the further question whether, if the transaction should be held upon that evidence to be a voluntary common-law assignment and transfer, it would be given effect in Alaska as against the rights of the defendant, a local creditor in that territory.

But we pass these two questions (stating them only to mention the fact that they exist and that the latter has been elaborately discussed in the briefs) to consider the preliminary question whether upon this record we have any authority to review the judgment in this case. By stipulation of counsel a jury was waived, and the cause submitted to the court without a jury. The findings made by the court are in the nature of special findings—the court finding, among other things, in substance, that the instrument in writing purporting to transfer the property and assets of the corporation (including the power seine boat Bernice) showed on its face to be and was in fact executed pursuant to the order of the superior court of the state of Washington in and for King county; that the said Pacific Coast & Norway Packing Company had not by any action of its governing board transferred or assigned its property to Schoenwald and Hills, the plaintiffs in that case, in any capacity or at all, nor had it ratified or acquiesced in any such assignment or in the receivership proceedings.

Upon these special findings the court concluded that the assignment to and the receivership of Schoenwald and Hills were in invitum proceedings, and that both were in conflict with the rights of the defendant McDonald, a local creditor, and were against public policy, and had no extraterritorial effect, and should not be enforced in the territory of Alaska. The limitation to our authority in such a case has been clearly stated by the Supreme Court in Dooley v. Pease, 180 U. S. 126, 131, 21 Sup. Ct. 329, 331 (45 L. Ed. 457), as follows:

"Errors alleged in the findings of the court are not subject to revision by the Circuit Court of Appeals, or by this court, if there was any evidence upon which such findings could be made. Hathaway v. National Bank, 134 U. S. 498 [10 Sup. Ct. 608, 33 L. Ed. 1004]; St. Louis v. Retz [Rutz] 138 U. S. 241 [11 Sup. Ct. 337, 34 L. Ed. 941]; Runkle v. Burnham, 153 U. S. 225 [14 Sup. Ct. 837, 38 L. Ed. 694]."

The plaintiffs submitted to the court requests to find certain facts in favor of the plaintiffs. These requests were refused. "They are no more the subject of exception and review than would be a request to a jury to find in a particular manner, and a refusal by the jury so to find." Dickinson v. Planters' Bank, 83 U. S. (16 Wall.) 250, 258, 21 L. Ed. 278. In the recent case of United States v. Fidelity & Guaranty Co., 236 U. S. 512, 35 Sup. Ct. 298, 59 L. Ed. 696, the Supreme Court, referring to matters in evidence, but not in the findings, on page 527 of 236 U. S., on page 302 of 35 Sup. Ct. (59 L. Ed. 696), said:

"Assuming these defences were properly pleaded, we still need spend no time upon them, since the argument made here to support them is based, not upon the findings, but upon a general review of the evidence and a series of inferences drawn from it that are inconsistent with the facts as found by the trial court. The findings have the same effect as the verdict of a jury, and this court does not revise them, but merely determines whether they support the judgment. Rev. Stat. §§ 649, 700, 1011 (amended by Act Feb. 18, 1875, c. 80, § 1, 18 Stat. 318 [Comp. St. 1913, §§ 1587, 1668, 1672]); Norris v. Jackson, 9 Wall. 125, 128 [19 L. Ed. 608]; St. Louis v. Ferry Co., 11 Wall. 423, 428 [20 L. Ed. 192]; Dickinson v. Planters' Bank, 16 Wall. 250, 257 [21 L. Ed. 278]; Insurance Co. v. Folsom, 18 Wall. 237, 248 [21 L. Ed. 827]; British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222 [11 Sup. Ct. 523, 35 L. Ed. 147]."

As there is evidence to support the findings, and the findings support the judgment, there is nothing in this record for this court to review.

The judgment is accordingly affirmed.